## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ANTWAN GLENN,<br><br>     Plaintiff,<br><br>v.<br><br>EASTERN EXPRESS, INC;<br>STEVEN KUYKENDALL; and<br>OLD REPUBLIC INSURANCE<br>COMPANY,<br><br>     Defendants. | CIVIL ACTION NO.:<br><br>_____<br><br><br>Removed from the State Court of<br>Fulton County, Georgia;<br>Case No.: 25EV009249 |

## <u>NOTICE OF REMOVAL</u>

COME NOW Eastern Express, Inc.; Steven Kuykendall; and Old Republic Insurance Company, Defendants in the above-styled action, and, pursuant to Fed. R. Civ. P. 81 (c) and 28 U.S.C. §§ 1332, 1441 and 1446, hereby submit this their Notice of Removal, requesting removal of the Georgia State Court action described below to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing this Honorable Court the following facts and law:

1.

The above-styled action was refiled on September 2, 2025, by Plaintiff Antwan Glenn against Defendants Eastern Express, Inc.; Steven Kuykendall; and Old Republic Insurance Company, in Fulton County State Court, in the State of Georgia, styled as: <u>Antwan Glenn v. Eastern Express, Inc.; Steven Kuykendall; and Old Republic Insurance Company</u>, Civil Action File No. 25EV009249. (*See* **Exhibit A**, a copy of the Court docket along with the Complaint and all filings in Defendants' possession at the time of removal.)

2.

Plaintiff initiated this civil action on September 2, 2024, by refiling a Complaint in the State Court of Fulton County, State of Georgia. Old Republic Insurance Company was purportedly was served on November 26, 2025. *See* **Exhibit A.**

3.

Defendant Steve Kuykendall was purportedly was served on December 1, 2025. (*See* Email Correspondence December 2, 2025 attached hereto as **Exhibit B**). Thus, pursuant to 28 U.S. Code § 1446 (b), Defendants timely file this Notice of Removal within thirty (30) days of receipt of the initial pleadings.

4.

The aforementioned civil action is a civil action over which this Court has original jurisdiction and may be removed to this Court by Defendants, pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and, in accordance with the provisions of 28 U.S.C. § 1332, there being diversity of citizenship between the Plaintiffs and the Defendants, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

4.

On information and belief, Plaintiff Antwan Glenn is and was at all relevant times, a resident and citizen of the State of Georgia.  (*See* **Exhibit A**, Complaint ¶ 3).

5.

At all relevant times, Defendant Steven Kuykendall was a resident and citizen of the State of Mississippi.  (*See* **Exhibit A**, Complaint ¶ 4).

6.

At all times relevant, Defendant Eastern Express, Inc., was an Indiana foreign corporation, alleged to transact business in the State of Georgia.  (*See* **Exhibit A**, Complaint ¶ 11).

7.

At all times relevant, Defendant Old Republic Insurance Company was a Pennsylvania foreign insurance company, alleged to transact business in the State of Georgia.  (*See* **Exhibit A**, Complaint ¶ 18).

9.

Complete diversity therefore exists between the parties in this action pursuant to 28 U.S.C. § 1332.

10.

The amount in controversy in this case also exceeds $75,000.00. Plaintiff specifically pleads for the full value of past and future medical expenses, past and future lost wages and loss of future earning capacity, physical pain and suffering, mental pain and suffering, attorney's fees and cost of litigation, all of which allegedly would exceed $75,000.  (*See* **Exhibit A,** Complaint ¶¶ 68, 71, and 74).

11.

Based on these allegations, this action is one over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), in that the controversy is between a citizen of Georgia, a citizen of Mississippi, an Indiana foreign corporation, and a Pennsylvania foreign insurance company; and the value of the

matter in controversy, exclusive of interest and costs, exceeds $75,000. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010) (removal appropriate where amount in controversy is established by the complaint).

12.

The State Court of Fulton County, Georgia is situated within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division, making this the appropriate forum to entertain this action pursuant to 28 U.S.C. § 1441(a).

13.

This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). This Notice of Removal is filed within thirty (30) days from the alleged date of service on Defendant Old Republic Insurance Company.

14.

As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon such Defendants in such action from the State Court of Fulton County, Georgia is attached to this Notice of Removal as **Exhibit A**.

15.

Defendants have given written notice of the filing of this Notice of Removal to Plaintiff by mailing a copy of this Notice of Removal to Plaintiff's counsel via Certified Mail, Return-Receipt Requested.  Defendants have filed a written notice with the Clerk of the Fulton County State Court, State of Georgia, a copy of the Notice of Filing Notice of Removal is attached to this Notice of Removal as **Exhibit C**.

16.

The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law.  (*See* Affidavit of Wm. Daniel Floyd attached to this Notice of Removal as **Exhibit D**).

WHEREFORE, the Defendants pray that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

*[Signature contained on next page].*

Respectfully submitted this 26<u>th</u> day of <u>December,</u> 2025.

<table>
<tr><td></td><td>**LEWIS BRISBOIS BISGAARD & SMITH LLP**</td></tr>
<tr><td></td><td></td></tr>
<tr><td></td><td><u>*/s/ Wm. Daniel Floyd*</u></td></tr>
<tr><td>Bank of America Plaza</td><td>WM. DANIEL FLOYD</td></tr>
<tr><td>600 Peachtree Street NE</td><td>Georgia Bar No.: 266490</td></tr>
<tr><td>Suite 4700</td><td>HARYSON MILLER</td></tr>
<tr><td>Atlanta, Georgia  30308</td><td>Georgia Bar No.: 768142</td></tr>
<tr><td>404.348.8585 – Telephone</td><td></td></tr>
<tr><td>404.467-8845 – Facsimile</td><td>*Counsel for Defendants*</td></tr>
<tr><td>Daniel.Floyd@lewisbrisbois.com</td><td></td></tr>
<tr><td>Haryson.Miller@lewisbrisbois.com</td><td></td></tr>
</table>

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 5.1 and L.R. 7.1(D), the undersigned hereby certify that the

foregoing brief was prepared using 14-point Times New Roman font.

Respectfully submitted this 26th day of December, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Wm. Daniel Floyd*
WM. DANIEL FLOYD
Georgia Bar No.: 266490
HARYSON MILLER
Georgia Bar No.: 768142

*Counsel for Defendants*

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
404.348.8585 – Telephone
404.467-8845 – Facsimile
Daniel.Floyd@lewisbrisbois.com
Haryson.Miller@lewisbrisbois.com

## <u>CERTIFICATE OF SERVICE</u>

We hereby certify that we have this day served a copy of the foregoing **NOTICE OF REMOVAL**, and all exhibits referenced therein, by electronically filing the same with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification to counsel for Plaintiff and by depositing a copy of the same in the United States Mail, proper postage prepaid, Certified Mail as follows:

Scott Kuperberg
600 Peachtree St NE
Suite 4010
Atlanta, GA 30308
<u>Scott.kuperburg@witheritelaw.com</u>

*Counsel for Plaintiff*

Respectfully submitted this 26<u>th</u> day of <u>December,</u> 2025.

*[Signature contained on next page].*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

<u>/s/ Wm. Daniel Floyd</u>
WM. DANIEL FLOYD
Georgia Bar No.: 266490

Bank of America Plaza

600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
404.348.8585 – Telephone
404.467-8845 – Facsimile
Daniel.Floyd@lewisbrisbois.com
Haryson.Miller@lewisbrisbois.com

HARYSON MILLER
Georgia Bar No.: 768142

*Counsel for Defendants*

EXHIBIT A

JS44 (Rev. 9/2024 NDGA)                              **CIVIL COVER SHEET**

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record.  (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)
Antwan Glenn

## DEFENDANT(S)
Eastern Express, Inc.
Steven Kuykendall
Old Republic Insurance

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED
PLAINTIFF___Fulton County, GA___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED
DEFENDANT___Gwinnett, OH___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

Scott Kuperburg
600 Peachtree St NE
Suite 4010
Atlanta, GA 30308
(404) 410-7700
Kuperberg Law Group
Scott.kuperburg@witheritelaw.com

## ATTORNEYS (IF KNOWN)

Wm. Daniel Floyd
Haryson Miller
Lewis Brisbois Bisgarrd & Smith LLP T:404-348-8585
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia 30338

## II.  BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. GOVERNMENT PLAINTIFF

☐ 2 U.S. GOVERNMENT DEFENDANT

☐ 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)

☒ 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| | PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|---|
| | ☒ 1 | ☐ 1 | CITIZEN OF THIS STATE | ☐ 4 | ☐ 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| | ☐ 2 | ☒ 2 | CITIZEN OF ANOTHER STATE | ☐ 5 | ☐ 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| | ☐ 3 | ☐ 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | ☐ 6 | ☐ 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X "IN ONE BOX ONLY)

☐ 1 ORIGINAL PROCEEDING

☒ 2 REMOVED FROM STATE COURT

☐ 3 REMANDED FROM APPELLATE COURT

☐ 4 REINSTATED OR REOPENED

☐ 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)

☐ 6 MULTIDISTRICT LITIGATION - TRANSFER

☐ 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT

☐ 8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Removal of a motor vehicle accident pursuant to complete diversity of citizenship under Fed. R.Civ.P. 81(c) amd 28 U.S.C Sections 1442, 1441 and 1446.

☐ YES   ☒ NO   Does the relief requested in the complaint or petition seek to bar or mandate statewide and/or nationwide enforcement of a state and/or federal law, including a rule, regulation, policy, or order of the executive branch or a state and/or federal agency, whether by declaratory judgment and/or any form of injunctive relief?

(IF COMPLEX, CHECK REASON BELOW)

☐ 1. Unusually large number of parties.

☐ 2. Unusually large number of claims or defenses.

☐ 3. Factual issues are exceptionally complex

☐ 4. Greater than normal volume of evidence.

☒ 5. Extended discovery period is needed.

☐ 6. Problems locating or preserving evidence

☐ 7. Pending parallel investigations or actions by government.

☒ 8. Multiple use of experts.

☐ 9.  Need for discovery outside United States boundaries.

☐ 10. Existence of highly technical issues and proof.

**CONTINUED ON REVERSE**

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT $_____  APPLYING IFP_____  MAG. JUDGE (IFP)_____

JUDGE_____  MAG. JUDGE_____  NATURE OF SUIT_____  CAUSE OF ACTION_____
    _(Referral)_

State Court of Fulton County
**E-FILED**
25EV009249
12/26/2025 6:16 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**ANTWAN GLENN**,

      Plaintiff,

**v.**

**EASTERN EXPRESS, INC.;**
**STEVEN KUYKENDALL; and**
**OLD REPUBLIC INSURANCE**
**COMPANY**,

      Defendants.

**CIVIL ACTION NO.**
**25EV009249**

## DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION

COME NOW Defendants Eastern Express, Inc., Steven Kuykendall and Old Republic Insurance Company (hereinafter "Defendants") in the above-styled action, without submitting themselves to the jurisdiction or venue of this Court, and pursuant to 28 U.S.C. § 1446(d), file this Notice of Removal to Federal Court, with a copy of the Notice of Removal attached hereto as **Exhibit A**. Pursuant to 28 U.S.C. § 1332, Defendants have removed this matter to the United States District Court for the Northern District of Georgia, Atlanta Division, on the basis of diversity jurisdiction, and have provided a copy of this filing to Plaintiff. Pursuant to 28 U.S.C. § 1446(d), this Court is respectfully requested to proceed no further in this action unless and until such time as the action may be remanded by order of the United States District Court for the Northern District of Georgia, Atlanta Division.

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- ☐ 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- ☐ 110 INSURANCE
- ☐ 120 MARINE
- ☐ 130 MILLER ACT
- ☐ 140 NEGOTIABLE INSTRUMENT
- ☐ 151 MEDICARE ACT
- ☐ 160 STOCKHOLDERS' SUITS
- ☐ 190 OTHER CONTRACT
- ☐ 195 CONTRACT PRODUCT LIABILITY
- ☐ 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 210 LAND CONDEMNATION
- ☐ 220 FORECLOSURE
- ☐ 230 RENT LEASE & EJECTMENT
- ☐ 240 TORTS TO LAND
- ☐ 245 TORT PRODUCT LIABILITY
- ☐ 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- ☐ 310 AIRPLANE
- ☐ 315 AIRPLANE PRODUCT LIABILITY
- ☐ 320 ASSAULT, LIBEL & SLANDER
- ☐ 330 FEDERAL EMPLOYERS' LIABILITY
- ☐ 340 MARINE
- ☐ 345 MARINE PRODUCT LIABILITY
- ☐ 350 MOTOR VEHICLE
- ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY
- ☐ 360 OTHER PERSONAL INJURY
- ☐ 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- ☐ 365 PERSONAL INJURY - PRODUCT LIABILITY
- ☐ 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- ☐ 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 370 OTHER FRAUD
- ☐ 371 TRUTH IN LENDING
- ☐ 380 OTHER PERSONAL PROPERTY DAMAGE
- ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- ☐ 422 APPEAL 28 USC 158
- ☐ 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 440 OTHER CIVIL RIGHTS
- ☐ 441 VOTING
- ☐ 442 EMPLOYMENT
- ☐ 443 HOUSING/ ACCOMMODATIONS
- ☐ 445 AMERICANS with DISABILITIES - Employment
- ☐ 446 AMERICANS with DISABILITIES - Other
- ☐ 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- ☐ 462 NATURALIZATION APPLICATION
- ☐ 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- ☐ 463 HABEAS CORPUS- Alien Detainee
- ☐ 510 MOTIONS TO VACATE SENTENCE
- ☐ 530 HABEAS CORPUS
- ☐ 535 HABEAS CORPUS DEATH PENALTY
- ☐ 540 MANDAMUS & OTHER
- ☐ 550 CIVIL RIGHTS - Filed Pro se
- ☐ 555 PRISON CONDITION(S) - Filed Pro se
- ☐ 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- ☐ 550 CIVIL RIGHTS - Filed by Counsel
- ☐ 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- ☐ 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- ☐ 710 FAIR LABOR STANDARDS ACT
- ☐ 720 LABOR/MGMT. RELATIONS
- ☐ 740 RAILWAY LABOR ACT
- ☐ 751 FAMILY and MEDICAL LEAVE ACT
- ☐ 790 OTHER LABOR LITIGATION
- ☐ 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 820 COPYRIGHTS
- ☐ 840 TRADEMARK
- ☐ 880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- ☐ 830 PATENT
- ☐ 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- ☐ 861 HIA (1395ff)
- ☐ 862 BLACK LUNG (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID TITLE XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- ☐ 870 TAXES (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- ☐ 375 FALSE CLAIMS ACT
- ☐ 376 Qui Tam  31 USC 3729(a)
- ☐ 400 STATE REAPPORTIONMENT
- ☐ 430 BANKS AND BANKING
- ☐ 450 COMMERCE/ICC RATES/ETC.
- ☐ 460 DEPORTATION
- ☐ 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- ☐ 480 CONSUMER CREDIT
- ☐ 485 TELEPHONE CONSUMER PROTECTION ACT
- ☐ 490 CABLE/SATELLITE TV
- ☐ 890 OTHER STATUTORY ACTIONS
- ☐ 891 AGRICULTURAL ACTS
- ☐ 893 ENVIRONMENTAL MATTERS
- ☐ 895 FREEDOM OF INFORMATION ACT 899
- ☐ 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- ☐ 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- ☐ 410 ANTITRUST
- ☐ 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- ☐ 896  ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23    DEMAND $_____

JURY DEMAND ☑ YES ☐ NO  (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY
JUDGE_____    DOCKET NO._____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES:  (CHECK APPROPRIATE BOX)
- ☐ 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- ☐ 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- ☐ 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- ☐ 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO.                , WHICH WAS DISMISSED. This case ☐ IS ☐ IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

_____                                December 26, 2025
SIGNATURE OF ATTORNEY OF RECORD                               DATE

Respectfully submitted this 26th  day of <u>December,</u> 2025.

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**

<u>*/s/ Wm. Daniel Floyd*   </u>
WM. DANIEL FLOYD
Georgia Bar No.: 266490
HARYSON MILLER
Georgia Bar No.: 768142

*Counsel for Defendants*

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
404.348.8585 – Telephone
404.467-8845 – Facsimile
Daniel.Floyd@lewisbrisbois.com
Haryson.Miller@lewisbrisbois.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed the within and foregoing **DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION** with the Clerk of Court using the Odyssey eFileGA electronic file and serve system, which will automatically send email notification and a copy of such filing to the following attorneys of record:

Scott Kuperberg
600 Peachtree St NE
Suite 4010
Atlanta, GA 30308
<u>Scott.kuperburg@witheritelaw.com</u>

*Counsel for Plaintiff*

Respectfully submitted this 26th  day of <u>December,</u> 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Daniel Floyd*
WM. DANIEL FLOYD
Georgia Bar No.: 266490
HARYSON MILLER
Georgia Bar No.: 768142

*Counsel for Defendants*

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
404.348.8585 – Telephone
404.467-8845 – Facsimile
<u>Daniel.Floyd@lewisbrisbois.com</u>
<u>Haryson.Miller@lewisbrisbois.com</u>

State Court of Fulton County
**E-FILED**
25EV009249
12/3/2025 3:33 PM
Donald Talley, Clerk
Civil Division

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Fulton                    State Court

Case Number: 25EV009249

Plaintiff: **Antwan Glenn**
vs.
Defendant: **Eastern Express, Inc., Steven Kuykendall, and Old Republic Insurance Co.**

For: Robert Teilhet
    Witherite Law Group, LLC

Received by Ancillary Legal Corporation on the 26th day of November, 2025 at 10:05 am to be served on **Steven Kuykendall, 262 Toccopola Junction Road, Thaxton, MS 38871.** I, Melissa Ferguson, being duly sworn, depose and say that on the 1 day of December, 2025, at 5:43p.m., executed service by delivering a true copy of the **Summons, Renewal Complaint for Damages, Plaintiff's Amended Notice of Intention to Take Oral and Videotaped Deposition of Defendant By Remote Electronic Means and Request for Production, Plaintiff's First Interrogatories, First Request for production of Documents, and Request for Admissions to Defendant** in accordance with state statutes in the manner marked below:

SUBSTITUTE SERVICE: By serving Kristen Kuykendall as wife, a person of suitable age and discretion residing therein.

Age 30 SEX  F  Race Caucasian  Height 5'7" - 5'10" Weight 185-200 Hair brown Glasses  N

**Kristen Kuykendall was standing in carport when I arrived. She identified herself as Steven Kuykendall,'s wife, and stated he did live there, but was not home yet, and was willing to accept summons and complaint**

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 2nd day of December, 2025 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: 2025020462
Ref: Glenn

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

State Court of Fulton County
**E-FILED**
25EV009249
12/2/2025 11:27 AM
Donald Talley, Clerk
Civil Division

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Fulton                    State Court

Case Number: 25EV009249

Plaintiff: **Antwan Glenn**
vs.
Defendant: **Eastern Express, Inc., Steven Kuykendall, and Old Republic Insurance Co.**

For:
Robert Teilhet
Witherite Law Group, LLC
600 Peachtree Street NE
Suite 4010
Atlanta, GA 30308

Received by Ancillary Legal Corporation on the 26th day of November, 2025 at 10:05 am to be served on **Eastern Express, Inc. c/o Corporate Service Company - Registered Agent, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **26th day of November, 2025** at **10:55 am, I:**

served **Eastern Express, Inc. c/o Corporate Service Company - Registered Agent** by delivering a true copy of the **Summons, Renewal Complaint for Damages, Plaintiff's Amended Notice of Intention to Take Oral and Videotaped Deposition of Corporate Representation By Remote Electronic Means and Request for Production, Plaintiff's First Interrogatories, First Request for production of Documents, and Request for Admissions to Defendant** to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Alisha Smith as **Authorized to Accept** at the address of: **2 Sun Ct, Ste 400, Peachtree Corners, GA 30092**.

**Additional Information pertaining to this Service:**
11/26/2025  10:55 am  Perfected corporate service to Alisha Smith, CSC Coordinator.

Black female,
black hair,
40-45 years old ,
5'8", 150 lbs, no glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the 1st
day of _December, 2025_ by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

_____
Christopher Todd Horton
Process Server

Ancillary Legal Corporation
2900 Chamblee Tucker Road
Building 13
Atlanta, GA 30341
(404) 459-8006

Our Job Serial Number: ANC-2025020416
Ref: Glenn

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0b

State Court of Fulton County
**E-FILED**
25EV009249
12/2/2025 11:27 AM
Donald Talley, Clerk
Civil Division

# AFFIDAVIT OF SERVICE

State of Georgia                    County of Fulton                    State Court

Case Number: 25EV009249

Plaintiff: **Antwan Glenn**
vs.
Defendant: **Eastern Express, Inc., Steven Kuykendall, and Old Republic Insurance Co.**

For:
Robert Teilhet
Witherite Law Group, LLC
600 Peachtree Street NE
Suite 4010
Atlanta, GA 30308

Received by Ancillary Legal Corporation on the 26th day of November, 2025 at 10:05 am to be served on **Old Republic Insurance c/o The Prentice-Hall Corporation System - Registered Agent, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **26th day of November, 2025** at **10:55 am, I:**

served **Old Republic Insurance c/o The Prentice-Hall Corporation System - Registered Agent** by delivering a true copy of the **Summons, Renewal Complaint for Damages, Plaintiff's First Interrogatories, First Request for production of Documents, and Request for Admissions to Defendant** to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Alisha Smith as **Authorized to Accept** at the address of: **2 Sun Ct, Ste 400, Peachtree Corners, GA 30092**.

**Additional Information pertaining to this Service:**
11/26/2025  10:55 am  Perfected corporate service to Alisha Smith, CSC Coordinator.

Black female,
black hair,
40-45 years old ,
5'8", 150 lbs, no glasses.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

                                                    _____
                                                    **Christopher Todd Horton**
                                                    Process Server

Subscribed and Sworn to before me on the 1st
day of December, 2025 by the affiant
who is personally known to me.                      **Ancillary Legal Corporation**
                                                    **2900 Chamblee Tucker Road**
_____                          **Building 13**
NOTARY PUBLIC                                        **Atlanta, GA 30341**
                                                    **(404) 459-8006**



                                                    Our Job Serial Number: ANC-2025020417
                                                    Ref: Glenn

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0b

State Court of Fulton County
**E-FILED**
25EV009249
10/13/2025 10:57 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

ANTWAN GLENN;

     Plaintiff,

v.

EASTERN EXPRESS, INC.;
STEVEN KUYKENDALL; and
OLD REPUBLIC INSURANCE CO.;

     Defendants.

CIVIL ACTION

FILE NO. 25EV009249

## NOTICE OF SUBSTITUTION OF COUNSEL

The undersigned, notifies the Court and all counsel of record of a change in counsel for Plaintiff. Please substitute Benjamin J. Welch as counsel for Plaintiff Antwan Glenn. Please remove Robert Teilhet from all future pleadings.

Counsel for Plaintiff's contact information is as follows:

Benjamin J. Welch
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308
(470) 881-8804
ben.welch@witheritelaw.com

Please serve all further notices, pleadings, and all other documents to counsel for Plaintiff.

Respectfully submitted this 13th day of October, 2025

WLG Atlanta, LLC

*/s/ Benjamin J. Welch*
Benjamin J. Welch
Georgia State Bar No. 459886
*Attorney for Plaintiff*

NOTICE OF SUBSTITUTION OF COUNSEL – Page 1

Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308
Telephone:     (470) 881-8804
E-Mail:        ben.welch@witheritelaw.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **Notice of**

**Substitution of Counsel** electronically via the Court's electronic filing system which will

automatically send notice of this filing to the following attorneys of record and/or U.S Mail:

Kristi Bankston
WM. Daniel Floyd
LEWIS BRISBOIS BISGAARD & SMITH LLP
Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia 30308
*Attorneys for Defendants*

Respectfully submitted this 13th day of October, 2025

WLG Atlanta, LLC

*/s/ Benjamin J. Welch*
Benjamin J. Welch
Georgia State Bar No. 459886
*Attorney for Plaintiff*

Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308
Telephone:    (470) 881-8804
E-Mail:        ben.welch@witheritelaw.com

State Court of Fulton County
**E-FILED**
25EV009249
9/2/2025 11:15 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ANTWAN GLENN

      **Plaintiff,**

v.

                                    **CIVIL ACTION FILE NO.**

                                      _____

STEVEN KUYKENDALL;
EASTERN EXPRESS, INC.; and
OLD REPUBLIC INSURANCE CO.

      **Defendants.**

## PLAINTIFF'S AMENDED NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF CORPORATE REPRESENTATIVE FOR EASTERN EXPRESS, INC. BY REMOTE ELECTRONIC MEANS AND <u>REQUEST FOR PRODUCTION</u>

TO:    Steven Kuykendall, Eastern Express, Inc., and Old Republic Insurance Co. by and through their attorneys of records.

        Pursuant to O.C.G.A. § 9-11-30(b)(6), please take notice that on **January 6, 2026** commencing at **10:00 AM Eastern Standard Time** via remote electronic means the plaintiff in the above-captioned action will proceed to take the deposition of the corporate representative of Eastern Express, Inc. who is most knowledgeable of the following topics listed herein below. The deposition will be taken upon oral examination before an officer authorized by law to administer oath for the purposes of discovery and any other purpose allowed under the Georgia Civil Practice Act, and the deposition will be recorded by a videographer. If the deponent or counsel are unavailable at the above date and time, Plaintiff's counsel will reschedule for a mutually available date and time if requested within 10 days of service of this notice.

## Definitions

a.  The term "SUBJECT COLLISION" as used herein is defined as the collision at issue in this case.

b.  The term "FMCSR" as used herein refers to the Federal Motor Carrier Safety Regulations.

c.  The term "MOTOR CARRIER" as used herein refers to Defendant Trucking Company Eastern Express, Inc.

d.  The term "DRIVER" as used herein refers to Defendant Steven Kuykendall.

## Subject Matters Requested

The subject matters and DOCUMENTS requested are as follows:

### DEFENDANT MOTOR CARRIER

1.      MOTOR CARRIER's safety philosophy and mission statements, as such relate to the operation of commercial motor vehicles.

2.      MOTOR CARRIER's corporate structure and hierarchy.

3.      MOTOR CARRIER's safety department's structure and hierarchy, its personnel, its purpose and its function and role within the organization.

4.      MOTOR CARRIER's safety budget for the three (3) years leading up to the Subject Collision.

5.      MOTOR CARRIER's training budget for the three (3) years leading up to the Subject Collision.

6.    What MOTOR CARRIER expects of its drivers in connection with safety, honor, integrity, veracity, attitude, and the operation of commercial motor vehicles.

7.    MOTOR CARRIER's fleet size at the time of the collision made the basis of this lawsuit up until the present.

8.    MOTOR CARRIER's policies, procedures, practices, guidelines, instructions, and expectations for MOTOR CARRIER commercial drivers regarding the following areas and all DOCUMENTS that set forth or explain such policies, procedures, practices, guidelines, instructions and expectations:

   a.  MOTOR CARRIER's hiring and employment qualifications for commercial drivers;
   b.  Driver qualification;
   c.  Driver training;
   d.  Driving practices;
   e.  Defensive driving;
   f.  Supervision of drivers;
   g.  Accident investigation, review (e.g., review board) and reporting;
   h.  Accident preventability and/or root cause determinations;
   i.  Employee discipline;
   j.  Employee termination; and
   k.  Document retention.

9.    MOTOR CARRIER's position regarding whether MOTOR CARRIER and/or DRIVER were subject to the FMCSRs at the time of the Subject Collision.

10.    The results, findings, conclusions and/or penalties from any Compliance Review that was conducted on MOTOR CARRIER during the five (5) years prior to the date of the Subject Collision and/or at any time thereafter that covered the date of the Subject Collision.

11.     All safety audits, compliance review audits and/or any other safety review of MOTOR CARRIER operations internally or by any third-party during the five (5) years leading up to the date of the Subject Collison and/or at any time thereafter that covered the date of the Subject Collision.

12.     The relationship (e.g., employee, leased driver, independent contractor) between MOTOR CARRIER and DRIVER throughout the time DRIVER worked with MOTOR CARRIER.

13.     The manner in which DRIVER was compensated for his work with MOTOR CARRIER.

14.     DRIVER's job duties, activities, and responsibilities while working for MOTOR CARRIER.

15.     All standards of care and trucking industry standards known to, relied upon by, and/or applicable to MOTOR CARRIER's drivers, including the Defendant DRIVER, while operating commercial motor vehicles.

16.     MOTOR CARRIER's qualification and training of DRIVER to operate a commercial motor vehicle.

17.     MOTOR CARRIER's supervision of DRIVER's operation of a commercial motor vehicle.

### DEFENDANT DRIVER

18.     DRIVER's medical, physical, and psychological condition for the time-period beginning three years before the Subject Collision to present. This includes, but is not

limited to, any assessment for and treatment for sleep apnea and/or other fatigue related conditions.

19.    DRIVER's driving and criminal history for the seven (7) years preceding the Subject Collision.

20.    DRIVER's training and experience before starting to work for MOTOR CARRIER.

21.    All training MOTOR CARRIER provided to DRIVER having anything to do with FMCSRs, defensive driving, keeping a proper look out, yielding to other traffic and/or any aspect of operating a commercial motor vehicle.

22.    The identification of each instance during the time when DRIVER has worked as a driver for MOTOR CARRIER, where DRIVER violated any FMCSR, state law or regulation, trucking industry standard and/or any MOTOR CARRIER company rule, policy, or guideline.

23.    All supervisory actions, corrective actions, counseling actions, and disciplinary actions of any type ever taken regarding DRIVER, while he has driven for MOTOR CARRIER. This includes all communication between anyone at MOTOR CARRIER and DRIVER regarding any safety related issue or employment related issue. This would also include termination in the event that DRIVER has been terminated.

24.    All reports, memos, notes, logs, call-ins, and all other DOCUMENTS evidencing complaints or comments about DRIVER internally at MOTOR CARRIER or from any outside source.

## DISPATCH AND ROUTING

25.    The dispatch process and procedure for drivers like DRIVER at the time of the

Subject Collision.

26.    The trip that DRIVER was on at the time of the Subject Collision:

    a.  DRIVER's intended route and whether he had deviated from that route;

    b.  Where DRIVER was coming from and where he was going to at the time of the Subject Collision;

    c.  When DRIVER was expected at his next stop (when the Subject Collision occurred) and whether he was on time for his expected next stop; and

    d.  All stops, pick-ups and deliveries DRIVER made in the seven (7) days leading up to the date of the Subject Collision.

## HOURS OF SERVICE

27.    All Hours of Service audits of DRIVER:

    a.  MOTOR CARRIER policies, procedures and practices regarding performance of Hours of Service log audits;

    b.  Who performs Hours of Service log audits;

    c.  The types of audits performed; and

    d.  How audits are used.

28.    DRIVER' hours of Service for the seven (7) days leading up to and on the date of

the Subject Collision.

    a.  MOTOR CARRIER's position as to whether DRIVER was compliant with FMCSR Hours of Service regulations at the time of the Subject Collision;

    b.  MOTOR CARRIER's position regarding whether any of the driver's logs for the seven (7) days leading up to and on the date of the collision contain any errors, omissions, falsifications and/or violations of FMCSR and/or MOTOR CARRIER company policy and if so, an explanation of same; and

    c.  What MOTOR CARRIER did to determine whether any of the above-referenced logs contained any errors, omissions, falsifications and or violations and when any such actions were taken.

<u>**EQUIPMENT**</u>

29.    Onboard Systems:

      a.   The identification of all systems and devices of any kind that were on the tractor and/or trailer operated by DRIVER at the time of the Subject Collision that are capable of monitoring, capturing, recording, and/or transmitting any data and/or communications (e.g., EOBR; GPS, satellite, cellular and other systems; engine, powertrain and brake control modules; trip or event recorders, lane departure warning systems, communication systems, onboard camera systems, etc.);

      b.   Explanation of how each system and device operates, what data it is capable of monitoring, capturing, recording, and/or transmitting, how such data is stored and retrieved and what reports are capable of being run based upon the data and/or communications;

      c.   The steps taken by anyone to preserve and, if applicable, to download the above-referenced data and communications;

      d.   All persons involved in the process of preserving and/or downloading and/or analyzing the referenced data and communications; and

      e.   All data, communications and reports of any kind from each system and device that contains any data, information, depiction and/or communications related to the tractor or trailer at issue within seventy-two (72) hours of the Subject Collision.

30.    The weight of the tractor and trailer at the time of the Subject Collision.

31.    Whether DRIVER performed a proper pre-trip inspection prior to operating the MOTOR CARRIER tractor-trailer on the date of the Subject Collision.

32.    Whether MOTOR CARRIER or DRIVER contend that any defect or problem with any of the MOTOR CARRIER equipment (tractor and/or trailer) caused or contributed to cause the Subject Collision and, if so, the nature of the issue, the duration that the issue was a problem, all efforts to correct the issue.

<u>**SUBJECT COLLISION**</u>

33.    The identity of each MOTOR CARRIER employee and/or agent who in the ordinary course of MOTOR CARRIER's business has been involved in any way

in the investigation of the Subject Collision, all steps taken by each such person during any such investigation, all evidence, information, and/or facts collected by each such person, the conclusions reached by each such person.

34.    The identity of each person who communicated with DRIVER regarding the Subject Collision.

35.    MOTOR CARRIER's understandings of how and why the Subject Collision occurred, all causes of and contributing factors to the Subject Collision, and how MOTOR CARRIER reached these understandings, including all investigations, reviews, determinations, and actions by any supervisor, accident review board or committee, or person(s) making any preventability, root cause, fault or disciplinary determinations related to the Subject Collision.

36.    All alcohol and drug tests administered to DRIVER by MOTOR CARRIER at any time, the results thereof.

### INSURANCE COVERAGE

37.    Insurance coverage available for the losses sustained in this case (including self-insured retentions, deductibles, and all primary, umbrella and excess coverages) and all reservation of rights letters sent by any insurer to MOTOR CARRIER and/or DRIVER  in connection with the Subject Collision.

### DOCUMENT PRODUCTION

38.    The efforts undertaken by MOTOR CARRIER to ensure that all DOCUMENTS responsive to Plaintiffs' Request(s) for Production of DOCUMENTS to

Defendant MOTOR CARRIER are complete and that all responsive DOCUMENTS have been produced as well as a full and complete explanation as to why any document was not fully produced and/or was withheld from production.

The oath will be administered to the Corporate Representative for Eastern Express, Inc. by the court reporter via videoconferencing. The deponent is requested to email the documents requested in Exhibit "A" attached hereto and incorporated herein by reference to  prior to the deposition. Deponent will be at one location, court reporter will be at another location, and counsel will be at different locations. The oral examination will continue day-to-day until completed. You are invited to be present at such time and cross-examine the witness.

Respectfully submitted,

**WLG ATLANTA, LLC**

By:    ***/s/ Robert B. Teilhet***
**ROBERT B. TEILHET**
Georgia State Bar Number: 701579
**ATTORNEY FOR PLAINTIFF**

Bank of America Plaza
600 West Peachtree St., NW
Suite 4010
Atlanta, Georgia 30308
Telephone: (470) 881-8804
Facsimile:  (470) 881-8819
robert.teilhet@witheritelaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served defendants with a copy of the

***PLAINTIFF'S NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED***

***DEPOSITION OF CORPORATE REPRESENTATIVE FOR EASTERN EXPRESS,***

***INC. BY REMOTE ELECTRONIC MEANS AND REQUEST FOR PRODUCTION***.

**WLG ATLANTA, LLC**

By:  ***/s/ Robert B. Teilhet***
         **ROBERT B. TEILHET**
         Georgia Bar No. 701579
         **ATTORNEY FOR PLAINTIFF**

Bank of America Plaza
600 West Peachtree St., NW
Suite 4010
Atlanta, Georgia 30308
Telephone: (470) 881-8804
Facsimile:  (470) 881-8819
robert.teilhet@witheritelaw.com

## EXHIBIT A

Documents to be produced:

1.  All umbrella and excess polices of insurance.

2.  Any and all Policies or Procedures on Hiring.

3.  Any and all documents relating to Eastern Express, Inc.'s hiring criteria for drivers between 2014 and present.

4.  Any and all documents from any of Steven Kuykendall's previous employeers including, but not limited to Ex-Employer.

5.  Any and all documents relating to the driving history/record of Steven Kuykendall.

6.  Any and all documents referencing or relating to any *probationary periods* for Eastern Express, Inc. drivers including, but not limited to general policies and procedures, Steven Kuykendall or any other drivers in Georgia hired within 6 months of Eastern Express, Inc.

7.  All Accident Registers, accident record keeping reports or documents indicating DOT reportable events for the last five years

8.  All inspection records on the trailer and driver involved in this collision, including but not limited to:

    a.  All driver vehicle inspection reports required under 49 C.F.R. 396.11 for the trailer involved in the above collision.
    b.  The pre-trip inspection report(s) completed by the driver for the trip involved in this collision.
    c.  All daily inspection reports for the trailer involved in this collision in October 2014.
    d.Any post-collision maintenance, inspection, or repair records or invoices in regard to the trailer involved in the collision in question.

9.  All employment records of Steven Kuykendall, including but not limited to: Complete color copies of all Driver's Personnel, Discipline, Training and Qualifications file(s) Steven Kuykendall 's complete driver's qualification file, as required by 49 C.F.R. 391.51, including but not limited to:

    a.  Application for employment
    b.  CDL license

    c.     Driver's certification of prior traffic violations
    d.     Driver's certification of prior collisions
    e.     Driver's employment history
    f.     Inquiry into driver's employment history
    g.     Pre-employment MVR
    h.     Annual MVR
    i.     Annual review of driver history
    j.     Certification of road test
    k.     Medical examiner's certificate
    l.     All Drug testing records
    m.    HAZMAT or other training documents
    n.     All training records for Eastern Express, Inc. including all training manuals.
    o.     All reports, memos, notes, logs or other documents evidencing complaints about the driver in the above collision.

10.    Complete color copies of all driver's log books, including any hand written notes, calculations, drawings or additions thereto, and all other records of hours of service for driver Steven Kuykendall, including but not limited to:

    a.     All daily logs for the six (6) month period preceding the date of this collision, the date of this collision, and the fourteen (14) days following the date of this collision, together with all 70-hour summaries, and all documents and material required by 49 C.F.R. § 395.8, specifically including those items identified in the Department of Transportation's interpretation of said regulation, for the driver involved in the above matter.
    b.     Any and all audits of Eastern Express, Inc.'s logs, on-duty and driving time that you created during the six-month period preceding the collision, the date of, and through the delivery of the cargo being hauled at the time of the collision.

11.    All records of any kind showing the movement of the trailer involved in this collision for the month prior to this collision and the month following the collision including but not limited to:
    a.     Any data and printout from on-board recording devices, including but not limited to the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip master or other recording or tracking device for the day of the collision, the thirty (30) day period preceding the collision, and the eight (8) days following the date of the collision, for the trailer, or cargo involved in the collision.
    b.     Any downloadable computer data from the trailer's computer system to include but not be limited to Electronic Control Modules, Event Data

Recorders, Eaton VORAD collision warning system, and other similar systems.

 c. Any and all GPS (global positioning system) and satellite tracking records for the trailer, or load involved in this collision, for the thirty (30) day period before the crash, the date of the crash, and the fourteen (14) days following the crash.

12. Color copies of all records, of any kind, which show any communication to or from the driver of the trailer involved in this collision during the eight (8) days prior to this collision and the eight days following this collision including but not limited to.

 a. All telephone records for any mobile device used to send or receive communications with the driver, or which was present in the trailer involved in this collision, for the fifteen (15) days prior to the collision, the date of the collision, and the fifteen (15) days following this collision.

 b. This includes all records of usage for each mobile phone within your possession, the possession of the driver, or under your control at the time of the crash, produce all records of usage for such phone including, e.g., call logs, text and multimedia messages exchanged, data usage, *app* or program usage, and any GPS data.

 c. All records recordings, text messages, or other electronic communications to or from the driver for the eight (8) day period before, the date of, and eight (8) days following the collision.

 d. Any and all computer, electronic, or e-mail messages of any type created in the eight (8) days prior to the collision, the date of, and the eight (8) days following the date of this collision, by and between Eastern Express, Inc. and any agents or third parties, as well as any computer messages which relate to this particular incident. We also request that you to put any vendor which hosts or stores this data for your insured on notice of the need to preserve this data.

 e. Any data and printout from on-board recording devices, OmniTRAC, Qualcomm,MVPC,
QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the eight (8) days prior to the collision,the date of, and the eight (8) days following the date of this collision for this driver and truck.

 f. Records of any and all communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in cab communication device to include the bills for the devices for the eight (8) day period before, the date of, and eight (8) days following the collision;

 g. Any driver call-in records or other written or electronic records indicating communications between the company and the driver

regarding the movement of cargo or the day-to-day operations of the equipment and/or driver

h. Any e-mails, electronic messages, letters, memos, or other documents concerning this collision.

13. All Regulatory filings, correspondence, and records including but not limited to:

a. Defendants completed OP-1 Form all MSC-150's filed with the FMCSA or any state of federal governmental agency.

b. The collision register maintained by the motor carrier as required by federal law for the one (1) year period preceding this collision.

c. Any DOT or PSC reports, memos, notes, or correspondence concerning the driver or the trailer involved in this collision.

d. A complete copy of each safety audit, carrier profile, safety inspection, safety/enforcement analysis of any kind that any government agency (e.g., the Department of Transportation, Bureau of Motor Carrier Safety and/or any agency or department of the State of Texas performed regarding Eastern Express, Inc. in the past five (5) years, including any exit reports to you, in the five (5) years before the collision and any since the collision.

14. All Eastern Express, Inc. Company's Operational or Safety Records including but not limited to:

a. Any drivers' manuals, guidelines, policy and procedure, manual, safety bulletin, handout, tips, rules, or regulations given to drivers such as the one involved in this collision.

b. A blank form of each and every operational document utilized, or supposed to be utilized, by you or your drivers in effect on the date of the collision.

c. Any and all statements, written or oral, transcribed or un-transcribed, provided by, or taken from, witnesses, your drivers, or any of your employees or agents, regarding the collision or the events leading up to or following the collision.

d. The factual portion of your internal investigation of this incident, including, but not limited to, determination of whether the accident was chargeable against the driver.

e. All documents related to any tests, inspections, investigations, or measurements taken with regard to the collision scene or vehicles done by you or on your behalf by a third party.

f. Accident files, records and reports of this incident sent by, or on your behalf of, you to the DOT and/or any other governmental or regulatory authority.

g.  Any other items associated in any way with this collision, documents, database, or other piece of evidence concerning or reflecting upon the driver, this collision, including the trailer or cargo involved.

h.  Any and all motor carrier audits of the driver and co-driver's logs, on-duty and driving time for the six (6) month period prior to the collision, and including the date of the collision.

i.  Full and complete copies of any and all records required to be kept and maintained pursuant to 49 C.F.R. § 379.3 for the six (6) month period immediately preceding this collision.

15. All bills of lading/ Pick Up and Delivery Orders or records related thereto including but not limited to:

a.  Bills of lading for any shipments transported by Eastern Express, Inc., for the day of the collision.

b.  All dispatch records (written or electronic) indicating assignment of equipment for Eastern Express, Inc. for the eight (8) days prior to, the date of the collision, and the five (5) days following the collision.

16. All Drug and Alcohol Testing Records including but not limited to:

a.  All documents related to any pre-employment drug test for Eastern Express, Inc. including but not limited to the results of such drug tests.

b.  All documents related to any random drug test for Eastern Express, Inc. including but not limited to the results of such drug tests.

c.  All documents related to any reasonable suspicion drug test for Eastern Express, Inc., including but not limited to the results of such drug tests

d.  All documents related to any post-collision drug test for Eastern Express, Inc. including but not limited to the results of such drug tests

e.  Any written explanation prepared by Eastern Express, Inc. explaining to the FMCSA about why its driver was not tested for drugs and alcohol following the collision.

17. All Photographs, diagrams, and videos of the trailer and driver, collision scene, documents, records, cab interior, Plaintiff, or any other party to this action including but not limited to:

a.  Photographs, video, computer generated media, or other recordings of the interior and exterior of vehicles involved in this collision, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence.

b.  Images of any documents or records of Eastern Express, Inc. or Steven Kuykendall.

c.  All diagrams, visual aids, and exhibits that may be used at the trial of this matter.

d.  A digital copy of every photograph and other document (as that term is defined above) in your (or your attorney's) possession, custody and/or

control that relates, refers, illustrates and/or discusses in any way the Plaintiff or Defendant Eastern Express, Inc.

18. All written contracts or record of any agreements of any kind between Eastern Express, Inc. and Steven Kuykendall.

19. The cell phone and any cell phone records regarding any cell phone devices available to Eastern Express, Inc. and the time of the collision in question.

State Court of Fulton County
**E-FILED**
25EV009249
9/2/2025 11:15 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ANTWAN GLENN; | \| |
| | \| |
|      Plaintiff, | \|    CIVIL ACTION FILE |
| | \| |
| v. | \|    NO. _____ |
| | \| |
| EASTERN EXPRESS, INC.; | \| |
| STEVEN KUYKENDALL; and | \| |
| OLD REPUBLIC INSURANCE CO.; | \| |
| | \| |
|      Defendants. | \| |

## PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT EASTERN EXPRESS, INC.

COMES NOW, Antwan Glenn ("Plaintiff"), by and through his counsel of record, and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant Eastern Express, Inc. for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes,

memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.    "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.    (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of

each such document, or copies thereof.

4.  "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5.  The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6.  Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7.  With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

8.  The term "**negligence**" means failure to use ordinary care; that is, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

9.  The term "**ordinary care**" means that degree of care, which would be used by a person of ordinary prudence under the same or similar circumstance.

10. The term "**proximate cause**" means a cause that was substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.  There may be more than one proximate cause of an event.

11. The term "**tractor**," unless otherwise defined in a specific request herein, means the over-the-road vehicular power unit being operated by Driver at the time of the occurrence.   This also may be referred to herein as vehicle, vehicle in question, subject vehicle, truck or tractor-trailer in question.

12. The term "**telematics**" means the process of gathering, storing, and/or transmitting information, such as GPS, location, speed, hard breaking events, crashes, video, satellite tracking information, etc., about Eastern's trucks and/or drivers for safety, tracking, efficiency, compliance, and/or performance purposes. Regardless of if the process was completed by Eastern Express, Inc. or a company hired by Defendant.

13. "**Subject Collision**" means the collision described in the Complaint.

14. "**You**", "**Your**", or "**Eastern**" means Defendant **Eastern Express, Inc.**

15. "**Driver**" or "**Kuykendall**" means Defendant Driver **Steven Kuykendall**

## INTERROGATORIES

**INTERROGATORY NO. 1.**        If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**INTERROGATORY NO. 2.**        Identify each person expects to call as an expert witness at trial including in your response a summary of each opinion the expert holds with regard to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

### INSURANCE

**INTERROGATORY NO. 3.**        For each liability insurance policy that you had in place at the time of the Subject Collision, state the name of insurer; the policy number; the limits of coverage; the name(s) of all insureds; and whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case. Please note that this interrogatory is requesting information relating to ALL insurance coverage including excess coverage. Specify whether any policy is a "cannibalizing" or "self-wasting" policy in which costs of defense may reduce amounts paid to claimants.

### VEHICLE INFO/DATA

**INTERROGATORY NO. 4.**        Please provide the weight of the tractor at the time of the Subject Collision.

**INTERROGATORY NO. 5.**        Identify all systems and devices in or on the tractor that have the capability of monitoring, capturing, recording and/or transmitting any video, data and/or communications of any kind (this includes, without limitation, any engine control module (ECM),

event data recorder (EDR/CDR), airbag control module (ACM), Sensing Diagnostic Module (SDM), drive train or transmission control unit, brake control module, power steering unit, electronic onboard recorder (EOBR) Electronic Logging Device (ELD), Collision Avoidance System (CAS), Telematics system, Critical Event Reporting System, Lane Departure System, Dash Cam (or other video devices), GPS system, truck or trailer tracking system, system that allows communication between drivers and dispatchers, etc.);

(a) With respect to each system identified, explain what video, data and/or communications the system is capable of monitoring, capturing, recording and/or transmitting;

(b) With respect to each system identified, explain what video, data and/or communications have been downloaded and/or preserved in connection with the Subject Collision and if so when and by whom; and

(c) With respect to each system identified, explain what video, data and/or communications have NOT been downloaded and/or preserved in connection with the Subject Collision and explain why not and whether it is still possible to obtain this material.

## DRIVER INFORMATION

**INTERROGATORY NO. 6.**       State the name, address, and driver's license number of the driver of the tractor-trailer involved in the collision in question and state the nature of your relationship with the driver.  If Kuykendall was your employee/statutory employee, please describe the job title, dates of employment of driver, reasons for termination of employment (if applicable) and whether the driver was acting within the course and scope of employment at the time of the collision in question.

**INTERROGATORY NO. 7.**       Explain the relationship between Eastern and Kuykendall at the time of the Subject Collision including his employment status (e.g., leased driver, company

driver, etc.), how he was compensated for driving (e.g., by the hour, by the load, by the mile, salary, or other) and when the relationship began and ended.

**INTERROGATORY NO. 8.**      If you maintain that Kuykendall was not acting within the course and scope of his employment or agency at the time of the Subject Collision, explain the basis for your contention and identify documents and witnesses that support your contention.

**INTERROGATORY NO. 9.**      Identify and explain all communications of any kind between Kuykendall and anyone acting for or on behalf of Eastern during the twenty-four (24) hours <u>before</u> and <u>after</u> the Subject Collision. For each communication, identify the method of communication (cell phone, QualComm, other), time of communication, persons involved, and the general subject.

**INTERROGATORY NO. 10.**      Identify the person(s) who interviewed, qualified, or trained Kuykendall to ensure he was a qualified, capable, and a safe truck driver and describe what each person identified actually did in this regard.

**INTERROGATORY NO. 11.**      Identify Kuykendall's immediate safety supervisor(s) for the three (3) years before the collision to the present, including the identity of the safety director or the person with ultimate driver safety supervisory authority. Please identify the individuals by name, employer, job title, current address, and phone number and the time periods they supervised the driver.

**INTERROGATORY NO. 12.**      Identify the dispatcher who dispatched Kuykendall on the trip in question, and state any information given to Kuykendall by the dispatcher regarding the trip. This includes, but is not limited to routing information, weather conditions, locations, and times. Additionally, please provide any communication between the dispatcher and Kuykendall regarding the route or information provided for the trip in question.

**INTERROGATORY NO. 13.**      After Kuykendall was hired or otherwise retained by you, please describe the process, if any, undertaken by you to ensure the driver of the tractor-trailer was not at any time operating the tractor-trailer incompetently or recklessly while in your employ or under your supervision or control, including identifying and specifying any on-board supervision technology you utilized to monitor driver behavior such as audio/video/camera recording or monitoring devices, fleet management software, onboard tracking or communication systems or other driver safety monitoring systems.

**INTERROGATORY NO. 14.**      Identify all persons and third-party entities responsible for driver log audits for Kuykendall for one (1) year preceding through three (3) months after the subject collision that forms the basis of this suit.

**INTERROGATORY NO. 15.**      Identify all log-in email accounts and/or usernames Kuykendall used for his driver logs for one (1) year preceding through three (3) months after the subject collision that forms the basis of this suit.

**INTERROGATORY NO. 16.**      Identify any and all moving violations and motor vehicle collisions involving Kuykendall of which you have ever been made aware. With respect to any violation, please state the violation, location, and disposition of any charges. With respect to any motor vehicle collision, please provide a brief description of the collision, the location, whether a crash report was completed, and whether Kuykendall was determined to have caused or to have contributed to the cause of the collision.

**INTERROGATORY NO. 17.**      At any time, did Kuykendall or anyone acting on your behalf test for alcohol and controlled substances?  If yes, please state the dates tested, who performed the testing, and the results of the testing.

<u>**REGULATIONS AND POLICIES**</u>

**INTERROGATORY NO. 18.** Identify all policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect for Kuykendall at the time of the Subject Collision.

**INTERROGATORY NO. 19.** Describe your policies and procedures that were in effect on the date of the incident concerning the supervision of drivers (including the driver in question) to ensure Kuykendall is operating safely and in compliance with Federal Motor Carrier Safety Regulations ("FMCSR"), other applicable safety regulations and industry safety standards.

**INTERROGATORY NO. 20.** Describe your policies and procedures that were in effect on the date of the incident concerning the hiring, qualification, and training of drivers (including the driver in question) to ensure the driver is a qualified, capable, and safe truck driver.

**INTERROGATORY NO. 21.** Identify all Eastern's policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions and training applicable to regarding driving, defensive driving, turning, intersections, driver distraction, and use of cell phones.

**INTERROGATORY NO. 22.** Provide a general outline of your safety program as it relates to operating your commercial tractor-trailers, including whether you have safety meetings, how often, who conducts the meetings, who is required to attend, what topics are discussed, and identify any employee or employment manuals on safety, driving, or training that you use.

**INTERROGATORY NO. 23.** Identify and specify the methods and technology you utilized to comply with FMCSR log requirements, including any fleet management software, Automatic On-Board Recording Device ("AOBRD"), or Electronic Logging Device ("ELD").

**INTERROGATORY NO. 24.** Identify any and all state or FMCSA audits, road equipment and/or driver compliance inspections or warnings and citations issued to Kuykendall and/or related

to any equipment under your control by any city, county, state, or federal agency or enforcement official from five (5) years prior to the incident to the present. Please identify the driver/equipment involved, the nature of the audit/inspection, date, location, and results of the audit/inspection. It is not sufficient to simply refer to any documents produced.

### INVESTIGATION OF SUBJECT COLLISION

**INTERROGATORY NO. 25.**      Describe in detail when and how you first became aware that Kuykendall was involved in the Subject Collision including in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

**INTERROGATORY NO. 26.**      State whether you maintain that either Plaintiff or any non-party has any responsibility of any kind for causing the injuries and/or damages alleged in the Complaint and provide a detailed description of the basis for your position, including the identity of all person(s) who have any knowledge regarding this issue and/or all documents evidencing your position.

**INTERROGATORY NO. 27.**      Identify all persons who to your knowledge were present at the scene of the Subject Collision at any time in the forty-eight (48) hours after the Subject Collision and explain their role, why they were at the scene and what actions they took.

**INTERROGATORY NO. 28.**      Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom Eastern believes may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 29.**    Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the Subject Collision and/or any person or vehicle involved in the Subject Collision.

**INTERROGATORY NO. 30.**    Did Eastern make any effort to perform any accident review, any avoidable/non-avoidable accident determination, any root cause analysis, any DOT reportability determination, or any type of investigation or analysis to discover the cause(s) or contributing cause(s) of the Subject Collision and/or to evaluate whether your driver should be disciplined for any action or inactions related to the Subject Collision? If so, please identify all person(s) involved, all documents and information reviewed, and all determinations.

**INTERROGATORY NO. 31.**    State your understanding of how the collision in question occurred, including when and where, the speed and direction of travel of the vehicles involved, the points of impact, what, if anything, Kuykendall did in an effort to avoid the collision, and state the bases for your understanding. Additionally, please state whether Eastern found this incident to be preventable or non-preventable.

**INTERROGATORY NO. 32.**    Identify all investigations of the collision in question that you conducted or that were conducted on your behalf. Please include the date the investigation began and the date it ended, the name, address, and relationship to Eastern of each individual who participated in any such investigation, any conclusions/determinations that were made and whether written reports, statements, or notes were made in regard to the investigation.

**INTERROGATORY NO. 33.**    Did you or anyone acting on your behalf, including your agents, employees, representatives, insurers and/or servants, ever obtain, create or otherwise possess any written, audio, or video recorded witness statements, or other such statements of any person with knowledge of relevant facts regarding this incident?  If your answer is "Yes," please

provide the name, address, and telephone number of the person with knowledge of relevant facts and whether the statement is currently in your actual or constructive possession, custody, or control.

**INTERROGATORY NO. 34.**       State your understanding of where Kuykendall had been with the tractor-trailer on the date of the collision in question, the purpose of the trip, and state the basis for your understanding.

**MISCELLANEOUS**

**INTERROGATORY NO. 35.**       Identify each person who was involved in responding to each of the Requests for Admission served upon you in this civil action.

**INTERROGATORY NO. 36.**       State the name, title, address, and telephone number of the person answering these Interrogatories.

**INTERROGATORY NO. 37.**       For each of Plaintiff's First Requests for Admission to Defendant Eastern that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

**INTERROGATORY NO. 38.**       Describe the entire transportation cycle for all cargo on the tractor-trailer at the time of the collision in question and the entire trip, starting from the date of purchase of the items through delivery to the end consumer, including the following information: (a) identity of all motor carriers on all paperwork associated with this trip, as well as the identify of brokers, shippers, logistics companies, drivers, and all other persons or entities involved; (b) describe all payments, consideration and monies to be paid or received by and from any person or entity; and (c) identify all documents that relate to any aspect of the transportation cycle, the deliveries or receipt of items or the information requested.

**INTERROGATORY NO. 39.**       Please state your understanding of what cargo and

equipment was in the truck and/or trailer in question at the time of the collision in question.

**INTERROGATORY NO. 40.** Identify all lawsuits to which you have been named as a party (in any capacity) which involved allegations of negligence, negligence per se or violations of sections of the Federal Motor Carrier Safety Regulations by a driver employed by or under lease to you or that involved allegations of negligent hiring, training, supervision, or negligent entrustment by you. This Interrogatory is limited to incidents that occurred within the five (5) years preceding the incident that forms the basis of this suit.

**INTERROGATORY NO. 41.** Please identify all evidence that may be used to impeach, by proof of final conviction, Plaintiff or any person with knowledge of relevant facts to this lawsuit by stating the name of the accused, nature of the crime, date of final conviction, and style and case number of the proceeding.

**INTERROGATORY NO. 42.** Identify by name, phone number, and last known address of each commercial driver, dispatcher, and/or safety department employee who ceased employment with Eastern for one (1) year preceding through three (3) months after the subject collision that forms the basis of this suit.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**    A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Eastern.

**REQUEST NO. 2:**    A copy of each document retention policy in effect for Eastern at any time between the time of the Subject Collision and present.

**REQUEST NO. 3:**    A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision.

**REQUEST NO. 4:**    Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the Subject Collision.

### DRIVER

**REQUEST NO. 5:**    All documents setting forth the relationship between Eastern and Kuykendall. This includes, but is not limited to, all leases, employment contracts, and independent contractor agreements and other contracts, agreements, memorandum, and the like.

**REQUEST NO. 6:**    A copy of the job description of the position(s) that Kuykendall was hired, employed, and/or required to perform while in the course and scope of Kuykendall's employment, affiliation, and/or association with Eastern.

**REQUEST NO. 7:**    The complete driver personnel file of Kuykendall.

**REQUEST NO. 8:**    Complete payroll records of Kuykendall for the period from three years before the date of the collision through the present.

**REQUEST NO. 9:**    Produce a full accounting of all pay provided to Kuykendall for six (6) months preceding through three (3) months after the subject collision that forms the basis of this suit.  This includes all internal payroll documentation, paystubs, check stubs, direct deposit

receipts, cash payment receipts, bonus payments, and/or any other document evidencing payments made to Kuykendall.

**REQUEST NO. 10:**  Copies of all documents (a) explaining how Kuykendall was compensated for the one (1) month leading up to and including the date of the Subject Collision and extending one (1) week after the date of the Subject Collision; and (b) showing any detention of wages over the same time-period.

**REQUEST NO. 11:**  Any documents reflecting Kuykendall's work attendance record from three years before the date of the collision through the present.

**REQUEST NO. 12:**  The contents of Kuykendall's driver qualification file, driver investigation file, driver history file, and all documents that demonstrate compliance with federal and state driver qualification laws and regulations. The requested documents include, but are not limited to, all documents required by FMCSR, 49 CFR Part 391, and the state equivalent thereto. If any responsive documents have been removed from the driver qualification file, these should be produced nonetheless.

**REQUEST NO. 13:**  All documents of any kind that relate to any pre-employment background investigation of Kuykendall, including without limitation any investigation of Kuykendall's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Eastern. This specifically includes all data and information obtained through FMCSA's Pre-Employment Screening Program.

**REQUEST NO. 14:**  All documents that relate in any way to your recruiting of Kuykendall.

**REQUEST NO. 15:**  All documents that relate in any way to you hiring Kuykendall.

**REQUEST NO. 16:**  All documents that relate in any way to any orientation provided by Eastern to Kuykendall.

**REQUEST NO. 17:**  All documents that relate in any way to training of Kuykendall. This includes, but is not limited to, all documents that show all training received by Kuykendall, when, where, and who provided the training, and all materials used for training.

**REQUEST NO. 18:**  All quizzes, tests, and/or other assessments (questions and answers) ever given by or on behalf of Eastern to Kuykendall at any time. An answer key should also be provided.

**REQUEST NO. 19:**  A copy of the front and back of every driver's license issued to Kuykendall (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 20:**  All documents placing you on notice of any violation by Kuykendall of any law, ordinance, or regulation. This includes, but is not limited to, reports of violations pursuant to Section 391.27(a) of the Federal Motor Carrier Safety Regulations, as well as copies of citations, warnings, and inspection reports.

**REQUEST NO. 21:**  All documents provided by Kuykendall notifying Eastern of any convictions for driver violations as required by Section 383.31 of the Federal Motor Carrier Safety Regulations.

**REQUEST NO. 22:**  All documents relating to any and all blood, urine, hair, or other type of drug or alcohol testing of Kuykendall in your possession, custody, and/or control.

**REQUEST NO. 23:**  If a third-party entity takes part in the Driver drug testing program, produce the contract and all related documents between Kuykendall and this third party, including all evidence of all payments made to this entity.

**REQUEST NO. 24:**  A copy of all documents relating to any violation of any safety rule or principle by Kuykendall at any time.

**REQUEST NO. 25:**  All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Eastern directed to Kuykendall for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing in any way relating to the safe operation of a commercial vehicle. This includes, but is not limited to, all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**REQUEST NO. 26:**  A copy of all documents in your possession relating in any way to any motor vehicle collision and/or accident of any kind in which Kuykendall has been involved.

**REQUEST NO. 27:**  Copies of all documents relating to any complaint, criticism, or concern raised by any person or entity regarding the driving performance and/or safety of Kuykendall. This should include, but is not limited to, customer complaints and call-ins by motorists either to Eastern directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 28:**  For each communication device (e.g., cell phones, PDAs, smartphones, texting, and e-mailing devices, etc.) that was in the tractor that Kuykendall was operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time-period beginning forty-eight (48) hours before the Subject Collision and ending forty-eight (48) hours after the Subject Collision. This includes all devices, whether owned by Kuykendall or not, and whether it was in use at the time of the Subject Collision or not.

**REQUEST NO. 29:**  Produce logs of all text communications sent from Eastern's dispatch to Kuykendall's cell phone for six (6) months preceding through three (3) months after the subject collision that forms the basis of this suit.

**REQUEST NO. 30:**  Copies of all documents prepared by Kuykendall or Eastern that describe the Subject Collision or the circumstances leading up to the Subject Collision.

**REQUEST NO. 31:**  All documents evidencing any evaluation of the driving abilities, safety, and/or performance of Kuykendall that have not been produced in response to the preceding requests.

**REQUEST NO. 32:**  A complete copy of the contents of each and every file (whether maintained physically or electronically), regardless of what the file is called, regarding or addressing Kuykendall in any way, that has not been produced in response to other requests above.

**REQUEST NO. 33:**  Produce all documents received in response to all FMCSA Clearinghouse requests pertaining to Kuykendall.

**REQUEST NO. 34:**  If Kuykendall is still employed by Eastern, produce a copy of Kuykendall's violations in the FMCSA Clearinghouse.

**HOURS OF SERVICE-RELATED DOCUMENTS**

**REQUEST NO. 35:**   A copy of all Kuykendall's hours of service logs and any other driving logs and/or time sheets for the period beginning one hundred eighty (180) days before the Subject Collision and ending seven (7) days following the Subject Collision.

**REQUEST NO. 36:**  Kuykendall's log audits since the inception of employment with Eastern or for the last five years, whichever is less.

**REQUEST NO. 37:**  If a third-party entity takes part in the log auditing process, produce the contract and all related documents between Eastern and this third party, including all evidence of all payments made to this entity.

**REQUEST NO. 38:**  In addition to the documents responsive to the preceding request, produce all documents in your possession, custody, or control that demonstrate what Kuykendall was doing for the time-period beginning fourteen (14) days before the Subject Collision and ending two (2)

days following the Subject Collision. The requested documents include all documents that a motor carrier division officer might use to audit the logs of this driver, including, but are not limited to:

    a.   All documents evidencing hours of service not produced above (e.g., daily logs and time sheets as well as log audits and letters regarding hours of service);

    b.   All documents that could be used to check the accuracy of hours-of-service logs and/or time sheets;

    c.   All documents related to trips (including driver's trip envelopes, trip reports, work reports, bills of lading, manifests, cargo documents of any kind, load documents of any kind, loading and unloading records of any kind, load detention records of any kind, freight bills, pick-up and delivery records of any kind, directions (e.g., routes to take), instructions (delivery notes, times, special handling), driver's trip check and settlement sheets, dispatch records, mileage reports, weight and scale records, and receipts for fuel, food, tolls, lodging, permits, repairs, and/or other purchases and expenses of any kind whether reimbursable or not, final trip accounting documents and printouts, as well as any and all reports and/or summaries of any kind referencing the above information);

    d.   All documents evidencing any and all stops; and

    e.   All driver call in reports and any other documentation of any communications between you and Kuykendall.

**PLEASE NOTE – NOTHING IN THIS REQUEST SHOULD BE READ TO MEAN THAT PLAINTIFF IS NOT INTERESTED IN DEFENDANT MANTAINING ALL INFORMATION REGARDING ALL COMMERCIAL DRIVING ACTIVITIES FOR SIX MONTHS PRECEDING THE INCIDENT AT ISSUE AND SINCE THE INCIDENT AT ISSUE.  THESE MATERIALS SHOULD BE RETAINED IN THE EVENT THEY ARE REQUESTED.**

**REQUEST NO. 39:**  Any and all data and documents from and related to the fleet management software or onboard tracking or communication system related to the vehicle in question, including records, login information, communications, e-mails, diagnostic information on the tractor and trailer, hours of service information, telematics, software, along with any other tractor trip recorder computer generated documents, tachograph charts, computer generated trip printouts or any otherwise described documents generated or stored by whatever means, in reference to any and all communications, diagnostic information, hours of service, physical movement and geographical locations at a certain time and date of the subject tractor and trailer involved in the accident from one month before the date of the collision through the date of the collision.

**REQUEST NO. 40:**  A copy of all audits and summaries of Kuykendall's hours of service covering the period beginning one (1) year prior to the Subject Collision and ending fourteen (14) days following the Subject Collision.

**REQUEST NO. 41:**  For each driver log account used by Kuykendall while driving for Eastern, produce logs of all messages sent and received for six (6) months preceding through three (3) months after the subject collision that forms the basis of this suit.

<u>VEHICLE INFORMATION</u>

**REQUEST NO. 42:**  For the tractor involved in the Subject Collision, produce the following documents:

      a.   Title;

      b.   Registration;

      c.   Operators manual;

      d.   Maintenance Schedules;

e.  All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Collision;

f.  All documents evidencing any inspections of the tractor during the six (6) months before the Subject Collision;

g.  All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Collision;

h.  All documents evidencing any repairs made to the tractor as a result of the Subject Collision (including insurance submissions);

i.  All leases involving the vehicle;

j.  Documents evidencing the purchase of the vehicle;

k.  Documents evidencing the sale of the vehicle if it has been sold;

l.  Documents evidencing mileage and weight at time of the Subject Collision; and

m.  Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 43:**  For the trailer involved in the Subject Collision, produce the following documents:

a.  Title;

b.  Registration;

c.  Operators manual;

d.  Maintenance Schedules;

e.  All documents evidencing maintenance performed on the tractor at any time within 6 months before the Subject Collision;

f.  All documents evidencing any inspections of the tractor during the six (6) months

before the Subject Collision;

g.  All documents evidencing any repairs and/or modifications to the tractor at any time within six (6) months before the Subject Collision;

h.  All documents evidencing any repairs made to the tractor as a result of the Subject Collision (including insurance submissions);

i.  All leases involving the vehicle;

j.  Documents evidencing the purchase of the vehicle;

k.  Documents evidencing the sale of the vehicle if it has been sold;

l.  Documents evidencing mileage and weight at time of the Subject Collision; and

m.  Copies of each and every logbook, ledger, file, or the like maintained for any reason regarding the vehicle.

**REQUEST NO. 44:** If any data is available (whether or not downloaded or retrieved) from the tractor or any part or system from the tractor (e.g., engine control module (ECM), event data recorder (EDR), Sensing Diagnostic Module (SDM), drive-train or transmission control unit, power steering unit, airbag module, ABS or other brake system, or any EOBR), please produce both the printout of the data and the data file in its original format. This request is intended to cover data for as long as it was recorded before, during, and after the Subject Collision.

**REQUEST NO. 45:** If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD), please produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**REQUEST NO. 46:** All data and documents from, and related to, any and all electronic safety systems equipped on the tractor, including but not limited to Electronic Stability Control ("ESC"), Lane Departure Warning Systems ("LDWS"), Collision Warning Systems ("CWS"), Intelligent

Cruise Control Systems ("ICCS"), Tire Pressure Monitoring Systems ("TPMS"), Fault Reporting Systems ("FRS"), including data from the system itself, error codes, fault codes, software upgrades and patches, manuals, and modifications.

**REQUEST NO. 47:**  Produce copies of all e-mails between Eastern and Kuykendall for the time-period beginning ninety (90) days prior to the Subject Collision to present.

**REQUEST NO. 48:**  Produce copies of all communications and transmissions between Kuykendall and Eastern that were transmitted through any system on-board of the tractor involved in the Subject Collision for the period beginning thirty (30) days before the Subject Collision and ending seven (7) days after the Subject Collision. This includes any and all satellite or cellular systems, regardless of manufacturer, and includes without limitation all electronic on-board recorders (EOBRs) and systems such as those made available by Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet, and other transportation service and product providers.

**REQUEST NO. 49:**  If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver or driver safety monitoring system, please produce everything that was retrieved or could be retrieved from such devices and systems.

**REQUEST NO. 50:**  All recordings, videos or photographs from recorder(s) or camera(s) in the vehicle on the date of the collision at issue, including any on-board audio/video/camera recording or monitoring devices and/or any other driver or driver safety monitoring systems. This request is to produce everything that was retrieved from such devices and systems. If such has not been retrieved but is still accessible, please produce all such recordings, videos, or photographs for 24 hours before the collision through 24 hours after the collision.

**REQUEST NO. 51:**  All information captured or recorded by any device or mobile application that captures or records, in any manner, the driving habits of the defendant(s), including but not limited to speed, braking, position of steering wheel, episodes of hard braking, routes travelled, the time frame to drive such routes, or any other information related to the operation of the motor vehicle for the 24 hours before the collision through 24 hours after the collision.

**REQUEST NO. 52:**  To the degree that it has not been produced in response to other requests above, produce all data of any kind that was recovered from the tractor and/or anything inside or connected to any part or system of the tractor that were involved in the Subject Collision.

**REQUEST NO. 53:**  A copy of each out of service report or violation concerning the tractor involved in the Subject Collision from the period beginning one (1) year prior to the Subject Collision through present. This request includes any supplements, responses, amendments, and dispositions regarding any violation.

**REQUEST NO. 54:**  Produce all documents evidencing damage to any vehicle or other property as a result of the Subject Collision, including, but not limited to, repair estimates, appraisals, purchase invoices, repair bills, and checks or drafts reflecting payment for repair or replacement, and any other documents concerning or establishing the value of any item of property before or after the Subject Collision.

**REQUEST NO. 55:**  Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**REQUEST NO. 56:**  For the tractor involved in the Subject Collision, produce all the Driver Vehicle Inspection Reports (DVIR) from the period beginning six (6) months before the Subject Collision and ending one (1) week after the Subject Collision.

**REQUEST NO. 57:**  Produce all pre-trip inspection reports for the trip in question and three (3) months prior to the date of the Subject Collision for the tractor.

<u>LOAD</u>

**REQUEST NO. 58:**  All documents that relate to the load being hauled by Kuykendall at the time of the Subject Collision, including, by way of example and without limitation, all manifests, bills of lading, weight receipts, dispatch documents, content summaries, and documents that address the contents, ownership, pick-up, detainment, and delivery of the load.

<u>SUBJECT COLLISION</u>

**REQUEST NO. 59:**  A copy of every document related to any investigation done by or on behalf of Eastern of the scene of the Subject Collision.

**REQUEST NO. 60:**  All documents authored by anyone working for or on behalf of Eastern that set forth any facts relating to the Subject Collision.

**REQUEST NO. 61:**  All documents concerning or relating to any mechanical failure or defect in any motor vehicle that was involved in the collision.

**REQUEST NO. 62:**  All items, materials or written documentation removed from the tractor-trailer in question following the incident in question by any person, including Defendant's attorneys and/or insurance representatives.

**REQUEST NO. 63:**  All documents that explain what caused the Subject Collision.

**REQUEST NO. 64:**  All documents assessing preventability of and/or fault for the Subject Collision.

**REQUEST NO. 65:**  If the scene of the Subject Collision was mapped (with a total station or other survey equipment) within fourteen (14) days of the Subject Collision, please produce a copy of the survey data files and all diagrams produced therefrom.

**REQUEST NO. 66:** Copies of all photographs, video, computer simulations, and any other documents depicting:

    a.    Any vehicle involved in the Subject Collision;

    b.    Any person involved in the Subject Collision;

    c.    The scene of the Subject Collision; and/or

    d.    Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 67:** Copies of all reports (you know what this means and it is not vague) relating to the Subject Collision including those prepared by Eastern and those prepared by anyone working for or on behalf of Eastern (except lawyers).

**REQUEST NO. 68:** A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the Subject Collision.

**REQUEST NO. 69:** All tapes and transcripts of conversations, interviews, and/or statements of any person who purports to know any facts or circumstances relevant to the issues of liability, comparative fault, causation, and/or damages in this case.

**REQUEST NO. 70:** If an Accident Review Board or similar entity reviewed the Subject Collision, produce the following:

    a.    A copy of all documents (as defined) and other materials of any kind reviewed by said board or entity;

    b.    A copy of all reports and documents (as defined) of any kind generated by said board or entity;

    c.    Documents evidencing who was on the board;

    d.    Documents evidencing all criteria for review; and

e.    Determination of preventability and all other conclusions reached by said board or entity.

## GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 71:**  Copies of all documents sent to or received from any governmental agency regarding the Subject Collision, the driver involved in the Subject Collision, or any subject that is part of the basis of this lawsuit.

**REQUEST NO. 72:**  Copy of all documents and communications of any kind related to any CSA Intervention against your company in the past two (2) years.

**REQUEST NO. 73:**  All documents relating to the U.S. Department of Transportation surveys and audits of Eastern, over the last ten (10) years.

## POLICY AND PROCEDURES

**REQUEST NO. 74:**  Copies of all Eastern policies, procedures, rules, guidelines, directives, manuals, handbooks, and instructions that were in effect at the time of the Subject Collision, relating to:

a.    Working for or with trucking company generally (e.g., employee manual or handbook);

b.    Operation of any motor vehicle (e.g., driving manuals or handbooks, and the like);

c.    Operation of a commercial vehicle;

d.    Driving safety;

e.    Defensive driving;

f.    Compliance with federal and state laws and regulations;

g.    Accident investigation;

h.    Accident review boards;

     i.    Determination of preventability of accidents;

     j.    Hiring, training and supervising drivers; and

     k.    Disciplinary actions.

**REQUEST NO. 75:**  Copies of each document that Kuykendall signed to prove that he received and/or agreed to be bound by any policies, procedures, rules, guidelines, and/or standards of Eastern.

**REQUEST NO. 76:**  To the degree that Eastern has any rules, policies, procedures, guidelines, driving manuals, employee handbooks, or manuals, or other similar documents that were not provided to before the Subject Collision, please produce them now.

**REQUEST NO. 77:**  A complete copy of, or in the alternative, access to, each driver safety training film, video, videotape, videocassette, audio cassette, computer program, simulator, and driver diagnostic record or test maintained by your company, or used by Eastern, its personnel, agents, or employees during the year of the Subject Collision and three (3) years prior.

**REQUEST NO. 78:**  Copies of all industry and/or other guidelines and/or practices that you rely upon to support your contentions in this case.

**T**RUCKING **C**OMPANY

**REQUEST NO. 79:**  Copy of documents showing the hierarchy of managerial positions at Eastern and who occupied such positions as of the time of the Subject Collision and presently.

**REQUEST NO. 80:**  A copy of each document (including articles and presentations) prepared and/or presented by any Eastern representative relating to the safe operation of a commercial motor vehicle and/or the safe operation of a trucking company in the past five (5) years.

**REQUEST NO. 81:**  All company newsletters distributed during the time period beginning two (2) years before the Subject Collision and present.

**REQUEST NO. 82:**  A copy of all lease and trip lease contracts applicable to Kuykendall and/or any vehicle involved in the Subject Collision.

**REQUEST NO. 83:**  Copies of any contract under which your company was operating the tractor-trailer in question at the time of the Subject Collision.

**REQUEST NO. 84:**  A copy of Eastern's accident register maintained as required by 49 CFR § 390.35.

**REQUEST NO. 85:**  Transcripts or recordings of all depositions of corporate designees for Eastern given in the past five (5) years in cases where it was alleged that a driver working for Eastern caused injury or death to another person.

**REQUEST NO. 86:**  Copies of all documents putting any third party on notice of a claim arising from the Subject Collision

**REQUEST NO. 87:**  All correspondence and other communication of any kind between you and any other Defendant to this Action.

**REQUEST NO. 88:**  All "claim file materials" from you or your insurers, including file notes, reports, communications, statements, summaries, and other materials regarding this incident generated or received by you or your insurers, including data obtained by your insurer from an event data recorder or global positioning device.  To the extent Defendant withholds any items responsive to this request, please provide a privilege log.

**REQUEST NO. 89:**  If a third-party entity takes part in the regular maintenance of Eastern's commercial vehicles, produce the contract and all related documents between Eastern and this third party, including all evidence of all payments made to this entity.

**REQUEST NO. 90:**  If a third-party entity takes part in the driver training of Eastern's drivers, produce the contract and all related documents between Eastern and this third party, including all evidence of all payments made to this entity.

**REQUEST NO. 91:**  If a third-party entity takes part in the recruitment, hiring, and/or qualification of commercial drivers for Eastern, produce the contract and all related documents between Eastern and this third party, including all evidence of all payments made to this entity.

**REQUEST NO. 92:**  All contracts, license agreements, user manuals, and other documents that relate to the terms and conditions of sale, use, and/or operation of the same between Eastern and the providers and/or sellers of the ELD, AOBRD, and/or the tractor's telematics systems used by the tractor and/or trailer at the time of the subject collision that forms the basis of this suit.

**REQUEST NO. 93:**  All emails, letters, correspondence, and other documents exchanged between Eastern and any third party relating to the ELD, AOBRD, and/or any telematics system that relate, in whole or in part, to the retrieval and/or preservation of the information contained on these systems for the subject tractor and trailer for the 6 months preceding, including the day of the collision through one (1) week after the subject collision that forms the basis of this suit.

**REQUEST NO. 94:**  Produce Eastern's ISS score, the ISS recommendation, and the FMCSA's basis for recommendation. This can be accessed through your FMCSA portal account, found here https://portal.fmcsa.dot.gov/login.

**REQUEST NO. 95:**  Produce a download of your entire FMCSA portal account. You can access your portal account here: https://portal.fmcsa.dot.gov/login.

<u>MISCELLANEOUS</u>

**REQUEST NO. 96:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:

a. A copy of all documents (as that term is defined above) and items of any kind produced **to** said expert;

b. A copy of all documents (as that term is defined above) and items of any kind generated or produced **by** said expert;

c. A copy of the entire file of said expert;

d. A current résumé or curriculum vitae for said expert; and

e. All billing records and work logs for said expert.

**REQUEST NO. 97:**  A copy of any and all documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 98:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 99:**  Produce each document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 100:**  Produce each document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admission.

**REQUEST NO. 101:**  If any surveillance has been undertaken by or on behalf of Eastern, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

**REQUEST NO. 102:**  Produce all documents and materials you have obtained through subpoena or non-party requests for production.

<u>**REQUESTS FOR ADMISSION**</u>

**REQUEST NO. 1**     Eastern is properly named in the Complaint.

**REQUEST NO. 2**     Venue is proper in this Court.

**REQUEST NO. 3**     Jurisdiction is proper in this Court.

**REQUEST NO. 4**     Service of process upon Eastern in this civil action was proper.

**REQUEST NO. 5**     Service of process upon Eastern in this civil action was legally sufficient.

**REQUEST NO. 6**     You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 7**     You are not asserting the defense of improper service of process.

**REQUEST NO. 8**     At the time of the Subject Collision, Kuykendall was an agent of Eastern.

**REQUEST NO. 9**     At the time of the Subject Collision, Kuykendall was an employee of Eastern.

**REQUEST NO. 10**     At the time of the Subject Collision, Kuykendall was acting within the course and scope of his employment with Eastern.

**REQUEST NO. 11**     At the time of the Subject Collision, Kuykendall was acting within the course and scope of his agency with Eastern.

**REQUEST NO. 12**     At the time of the Subject Collision, Eastern was the owner of the tractor involved in the Subject Collision.

**REQUEST NO. 13**     At the time of the Subject Collision, Eastern was the owner of the trailer involved in the Subject Collision.

**REQUEST NO. 14**     The DOT number for the tractor that was involved in the Subject Collision was 162408.

**REQUEST NO. 15**     The MC-ICC number for the tractor that was involved in the Subject Collision was 149582.

**REQUEST NO. 16**     At the time of the Subject Collision, Kuykendall was operating the tractor

owned by Eastern.

**REQUEST NO. 17**   At the time of the Subject Collision, Kuykendall was operating the tractor with the permission of Eastern.

**REQUEST NO. 18**   At the time of the Subject Collision, Kuykendall was operating the tractor with the knowledge of Eastern.

**REQUEST NO. 19**   At the time of the Subject Collision, Kuykendall was operating the tractor as trained by Eastern.

**REQUEST NO. 20**   Kuykendall was the driver of Eastern's tractor-trailer that collided with Plaintiff's vehicle.

**REQUEST NO. 21**   At this time of the Subject Collision, Kuykendall was operating under the DOT authority of Eastern.

**REQUEST NO. 22**   At the time of the Subject Collision, Kuykendall was under dispatch by Eastern.

**REQUEST NO. 23**   At the time of the Subject Collision, Kuykendall was under the federal motor carrier authority of Eastern.

**REQUEST NO. 24**   Eastern used HireRight to screen Kuykendall prior to it hiring Kuykendall.

**REQUEST NO. 25**   Eastern did not use HireRight to screen Kuykendall prior to it hiring Kuykendall.

**REQUEST NO. 26**   Eastern has used HireRight to screen Kuykendall after it hired Kuykendall.

**REQUEST NO. 27**   Eastern has not used HireRight to screen Kuykendall after it hired Kuykendall.

**REQUEST NO. 28**   Eastern obtained records from HireRight for Kuykendall prior to it hiring Kuykendall.

**REQUEST NO. 29**   Eastern did not obtain records from HireRight for Kuykendall prior to it hiring Kuykendall.

**REQUEST NO. 30**    Eastern obtained records from HireRight for Kuykendall after it hired Kuykendall.

**REQUEST NO. 31**    Eastern did not obtain records from HireRight for Kuykendall after it hired Kuykendall.

**REQUEST NO. 32**   Eastern used a company other than HireRight to screen Kuykendall prior to it hiring Kuykendall.

**REQUEST NO. 33**    Eastern used a company other than HireRight to screen Kuykendall after it hired Kuykendall.

**REQUEST NO. 34**    Eastern obtained records from a company other than HireRight that screened Kuykendall prior to it hiring Kuykendall.

**REQUEST NO. 35**    Eastern did not obtain records from a company other than HireRight that screened Kuykendall after it hired Kuykendall.

**REQUEST NO. 36**   Kuykendall was following too closely behind Plaintiff's vehicle at the time of the collision.

**REQUEST NO. 37**   Kuykendall failed to maintain proper control of his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 38**   At the time of the Subject Collision, Kuykendall failed to keep and maintain a proper lookout for traffic.

**REQUEST NO. 39**   Kuykendall was not paying attention to traffic like he should have been.

**REQUEST NO. 40**   Defendant's vehicle was equipped with a telematics device and/or system.

**REQUEST NO. 41**   Defendant's vehicle was not equipped with a telematics device and/or system.

**REQUEST NO. 42**   A data download was performed on the tractor in question following this collision.

**REQUEST NO. 43**   Defendant has produced to Plaintiff all vehicle download data related to the vehicles in this collision.

**REQUEST NO. 44**   At the time of the incident in question the tractor being operated by Kuykendall was equipped with a dashcam or other video equipment capable of recording.

**REQUEST NO. 45**   Eastern has video (from any source) capturing the collision in question.

**REQUEST NO. 46**   Eastern has produced all documents, videos, presentations, computer programs, and other materials that you used to train Kuykendall on the safe operation of a commercial motor vehicle, defensive driving, space management, speed management, hazard perception, visual search, night operations, communication, distracted driving, extreme weather driving conditions, and night operation.

**REQUEST NO. 47**   Eastern's FMCSA private portal account profile contains additional information than what is shown on Eastern's public FMCSA profile.

**REQUEST NO. 48**   Kuykendall gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the tractor-trailer that Kuykendall was driving at the time of the Subject Collision.

**REQUEST NO. 49**   Kuykendall had a mobile cellular device present inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 50**   Kuykendall had more than one (1) mobile cellular device was present inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 51**   Kuykendall was using at least one (1) mobile cellular device in his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 52**   Kuykendall was using more than one (1) mobile cellular device inside his tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 53**   Kuykendall was using a mobile cellular device at the moment of impact with Plaintiff's vehicle.

**REQUEST NO. 54**   While at the scene of the collision, Kuykendall conversed with at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 55**   While at the scene of the collision, Kuykendall texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 56**   While at the scene of the collision, Kuykendall had a cellular mobile device or a camera that he could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 57**   While at the scene of the collision, Kuykendall took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 58**   While at the scene of the collision, Kuykendall took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 59**   While at the scene of the collision, Kuykendall took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 60**   No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 61**   No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 62**   No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 63**   The collision in question occurred as a result of Defendant Kuykendall's negligence.

**REQUEST NO. 64**   Kuykendall's negligent acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 65**   Kuykendall's negligent acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 66**   No visual obstructions existed leading up to the Subject Collision that would have prevented Kuykendall from Plaintiff's vehicle in the one hundred (100) feet prior to the Subject Collision.

**REQUEST NO. 67**   No visual obstructions existed leading up to the Subject Collision that would have prevented Kuykendall from seeing Plaintiff's vehicle in the two hundred fifty (250) feet prior to the Subject Collision.

**REQUEST NO. 68**    No visual obstructions existed leading up to the Subject Collision that would have prevented Kuykendall from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 69**    No visual obstructions existed leading up to the Subject Collision that would have prevented Kuykendall from seeing Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 70**    No visual obstructions existed leading up to the Subject Collision that would have prevented Kuykendall from seeing Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

**REQUEST NO. 71**    The person answering these questions has authority from Eastern to do so.

**REQUEST NO. 72**    Eastern checked the FMCSA Clearinghouse portal for Kuykendall's violations before hiring.

**REQUEST NO. 73**    Eastern checked the FMCSA Clearinghouse portal for Kuykendall's violations after hiring.

Dated this 2nd day of September, 2025.


**WLG ATLANTA, LLC**

*/s/ Robert Teilhet*
Robert B. Teilhet
Georgia State Bar Number: 701579
Attorney for Plaintiff

Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308
Phone: 678-916-6730
Fax: 678-916-6730
E-mail: Robert.Teilhet@witheritelaw.com

State Court of Fulton County
**E-FILED**
25EV009249
9/2/2025 11:15 AM
Donald Talley, Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of Fulton_____ County

| For Clerk Use Only |
|---|
| Date Filed _____ Case Number _____ |
| **MM-DD-YYYY** |

**Plaintiff(s)**
Glenn, Antwan
_____
Last        First        Middle I.    Suffix    Prefix

_____
Last        First        Middle I.    Suffix    Prefix

_____
Last        First        Middle I.    Suffix    Prefix

**Defendant(s)**
Kuykendall, Steven
_____
Last        First        Middle I.    Suffix    Prefix
Eastern Express, Inc.
_____
Last        First        Middle I.    Suffix    Prefix
Old Republic Insurance Co.
_____
Last        First        Middle I.    Suffix    Prefix

**Plaintiff's Attorney** Robert Teilhet_____    **State Bar Number** 701579_____    **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☒ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.
24EV007622_____    _____
**Case Number**                **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

State Court of Fulton County
**E-FILED**
25EV009249
9/2/2025 11:15 AM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _____

Antwan Glenn

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Steven Kuykendall

262 Toccopola Junction Road

Thaxton, Pontotoc County, Mississippi 38871

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [✓] RE-FILING: PREVIOUS CASE NO. 24EV007622 | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Robert Teilhet

Address: 600 Peachtree St. NE, Ste 4010

City, State, Zip Code: Atlanta, GA  30308     Phone No.: 678-916-6730

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.    _____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
25EV009249
9/2/2025 11:15 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

Antwan Glenn
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Old Republic Insurance Co.
c/o The Prentice-Hall Corporation System:
2 Sun Court, Suite 400
Peachtree Corners, Gwinnett County, Georgia 30092
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [✓] RE-FILING: PREVIOUS CASE NO. | 24EV007622 |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____Robert Teilhet_____

Address: __600 Peachtree St. NE, Ste 4010___

City, State, Zip Code: __Atlanta, GA  30308_____   Phone No.: _678-916-6730___

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.   _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
25EV009249
9/2/2025 11:15 AM
Donald Talley, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

Antwan Glenn

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Eastern Express, Inc. c/o J Patrick O'Brien

2 Sun Court, Suite 400

Peachtree Corners, Gwinnett County, Georgia 30092

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [✓] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [✓] RE-FILING: PREVIOUS CASE NO. 24EV007622 | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Robert Teilhet

Address: 600 Peachtree St. NE, Ste 4010

City, State, Zip Code: Atlanta, GA 30308       Phone No.: 678-916-6730

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
25EV009249
9/2/2025 11:15 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANTWAN GLENN; | \| | |
| | \| | |
| Plaintiff, | \| | CIVIL ACTION FILE |
| | \| | |
| v. | \| | NO. _____ |
| | \| | |
| EASTERN EXPRESS, INC.; | \| | |
| STEVEN KUYKENDALL; and | \| | |
| OLD REPUBLIC INSURANCE CO.; | \| | **JURY TRIAL DEMANDED** |
| | \| | |
| Defendants. | \| | |

## RENEWAL COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff in the above-styled action and shows the Court the following:

### RENEWAL ACTION

COMES NOW Plaintiff Antwan Glenn, by and through his counsel of record, and files his Complaint for Damages against the above-referenced Defendants, showing the Court as follows:

1.    This action is a renewal of a civil action, styled filed Antwan Glenn v. Steven Kuykendall, Eastern Express, Inc. and Old Republic Insurance Co., Civil Action No. 24EV007622 in the State Court of Fulton County, Georgia.

2.    The original case was removed to federal court on October 17, 2024.

3.    The Plaintiff voluntarily dismissed that action without prejudice with approval from Defendants on August 15, 2025 pursuant to O.C.G.A. § 9-11-41(a).

4.    All costs of that prior civil action in the State Court of Fulton County, Georgia have been paid as demonstrated by the Clerk's certificate attached as Exhibit A.

5.    All costs of that prior civil action in the United States District Court for the Northern District of Georgia, Atlanta Division have been paid as demonstrated by the Clerk's certificate attached as Exhibit B.

6.    The Plaintiff hereby timely renews that action within six (6) months of dismissal pursuant to O.C.G.A. §§ 9-2-61(a) and 9-11-41(a).

## PARTIES, JURISDICTION, AND VENUE

7.    Plaintiff sustained personal injuries as a result of a motor vehicle collision that occurred at approximately 3:56 pm on October 6, 2023, in Fulton County, Georgia.

8.    Plaintiff is a citizen of Fulton County, Georgia.

9.    Defendant Steven Kuykendall ("Kuykendall") resides at 262 Toccopola Junction Road, Thaxton, Pontotoc County, Mississippi 38871, and may be served with a copy of the summons and complaint at this address.

10.    Kuykendall is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-1, known as Georgia's Non-resident Motorist Act.

11.    Kuykendall is also subject to the jurisdiction of this Court pursuant to O.C. G.A. § 9-10-91, as Kuykendall committed a tortious act and/or omission within the State of Georgia.

12.    Once served with process, Kuykendall is subject to the jurisdiction and venue of this Court.

13.    Kuykendall was properly served with process in this civil action.

14.    Kuykendall was sufficiently served with process in this civil action.

15.    Kuykendall is subject to the jurisdiction of this Court.

16.    Defendant Eastern Express, Inc. ("Eastern") is a foreign profit corporation with its principal place of business in a state other than Georgia and is a federal motor carrier authorized

**COMPLAINT FOR DAMAGES – Page 2**

to transport goods for hire by the Federal Motor Carrier Safety Administration. Eastern has a U.S. Department of Transportation Number 162408 and is authorized to transact business in the state of Georgia.

17.    Eastern is a "non-resident" pursuant to O.C.G.A. § 9-10-91 and a "motor carrier" pursuant to the Federal Motor Carrier Safety Regulations.  Eastern may be served with process pursuant to O.C.G.A. § 9-11-4(e)(7) by delivering a copy of the Summons and Complaint to its process agent designated to accept service of process in the State of Georgia under the Federal Motor Carrier Safety Regulations: J. Patrick O'Brien, 2 Sun Court NW, Norcross, Gwinnett County, Georgia 30092.

18.    Eastern may also be served with process by delivering a copy of the Summons and Complaint upon its registered agent according to the Indiana Secretary of State: Scott Loftus, 312 W 35th Avenue, Griffith, Lake County, Indiana 46319.

19.    Once served with process, Eastern is subject to the jurisdiction and venue of this Court.

20.    Eastern was properly served with process in this civil action.

21.    Eastern was sufficiently served with process in this civil action.

22.    Eastern is subject to the jurisdiction of this Court.

23.    Defendant Old Republic Insurance Co. ("Old Republic") is a foreign insurance company with its principal place of business in a state other than Georgia and is authorized to transact business in the state of Georgia.

24.    At the time of the Subject Complaint, Eastern had automobile liability coverage for any damages that were caused through the negligent operation of the commercial motor vehicle that Coffey was operating at the time of the Subject Collision.

**COMPLAINT FOR DAMAGES – Page 3**

25.    The liability coverage for the collision described in this Complaint is being provided to Eastern through a policy of insurance issued by Old Republic and further identified as Policy Number MTWTT31415223, which provides coverage to Eastern for any damages, including bodily injury, that were caused through the negligent operation of the commercial motor vehicle that Kuykendall was operating at the time of the Subject Collision.

26.    Old Republic is subject to the jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112 and/or 40-2-140, because Old Republic was the insurer providing liability coverage for the defendant motor carrier Eastern at the time of the collision described in this Complaint.

27.    Old Republic may also be served with process by delivering a copy of the Summons and Complaint upon its registered agent according to the Georgia Secretary of State: The Prentice-Hall Corporation System, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

28.    Once served with process as described in this paragraph, Old Republic is subject to the jurisdiction and venue of this Court.

29.    Old Republic may also be served pursuant to O.C.G.A §§ 14-2-1510 and/or 33-4-3.

30.    Old Republic was properly served with process in this civil action.

31.    Old Republic was sufficiently served with process in this civil action.

32.    Old Republic is subject to the jurisdiction of this Court.

33.    Venue in the above-styled civil action is proper in this County and Court.

### FACTS

34.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

35.    On or about October 6, 2023, at approximately 3:56 pm, Plaintiff was operating a blue 2020 Dodge Charger heading westbound on I-285, in Fulton County, Georgia.

36.    On or about October 6, 2023, at approximately 3:56 pm, Kuykendall was operating a blue 1993 Peterbilt tractor-trailer heading westbound on I-285 in Fulton County, Georgia, directly behind Plaintiff.

37.    On or about October 6, 2023, at approximately 3:56 pm, the Eastern tractor-trailer was being operated by Kuykendall in the course and scope of his employment with Eastern.

38.    Suddenly and without warning to Plaintiff, Kuykendall slammed the Eastern tractor-trailer into the rear of Plaintiff's vehicle, causing Plaintiff to suffer injuries.

39.    At all times related to the Subject Collision, Plaintiff was acting in a reasonable and prudent manner.

40.    Defendants do not blame Plaintiff for causing or contributing to the cause of the Subject Collision.

41.    Defendants are 100% at fault for causing the Subject Collision.

42.    No act or failure to act on the part of the Plaintiff caused or contributed to the cause of the Subject Collision.

43.    No act or failure to act on the part of any third party caused or contributed to the cause of the Subject Collision.

44.    No act or failure to act on the part of the Plaintiff caused or contributed to the cause of Plaintiff's claimed injuries.

45.    No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's claimed injuries.

46.    Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the Subject Collision.

47.    As a result of the collision, Plaintiff suffered serious and permanent injuries and damages.

## COUNT I: DIRECT ACTION AGAINST OLD REPUBLIC INSURANCE CO.

48.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

49.    Old Republic provided liability insurance for the driver and/or tractor-trailer that was involved in the subject motor vehicle collision.

50.    Old Republic agreed to provide insurance coverage to Eastern in consideration for the payment of insurance premiums.

51.    Old Republic was transacting business in the State of Georgia and in Fulton County, Georgia on the date of the subject incident, and at all material times hereto, and is subject to the venue of this Court pursuant to O.C.G.A. § 33-4-1.

52.    Plaintiff, as a member of the public injured due to a common carrier's negligence, is a third-party beneficiary to that agreement.

53.    Pursuant to O.C.G.A. §§ 40-1-112 and/or 40–2–140, Old Republic is subject to this Direct Action.

## COUNT II: NEGLIGENCE OF EASTERN EXPRESS, INC.

54.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

55.    At all times material hereto, Kuykendall was an employee of Eastern.

56.     At all times material hereto, Kuykendall was acting within the scope and course of his employment with Eastern.

57.     At all times material hereto, Kuykendall was an agent of Eastern.

58.     At all times material hereto, Kuykendall was acting within the scope and course of his agency with Eastern.

59.     At all times material hereto, Kuykendall was authorized by Eastern to operate the tractor-trailer that was involved in the collision described in this Complaint.

60.     Eastern is liable for the negligent actions and omissions of Kuykendall pursuant to the doctrine of respondeat superior.

61.     Eastern was the owner of the vehicle operated by Kuykendall and is therefore liable for damages caused in this case.

62.     Eastern was also itself negligent in the following ways:

    a.     Negligently hiring or contracting with Defendant Kuykendall to drive the vehicle at issue;

    b.     Negligently training Defendant Kuykendall;

    c.     Negligently entrusting Defendant Kuykendall to drive the vehicle professionally;

    d.     Negligently retaining Defendant Kuykendall to drive the vehicle at issue;

    e.     Negligently qualifying Defendant Kuykendall;

    f.     Failing to supervise Defendant Kuykendall; and

    g.     Otherwise failing to act as a reasonably prudent company under the circumstances.

63.    As a direct and proximate result of the negligence of Kuykendall and Eastern in the ensuing collision, Plaintiff sustained severe and permanent injuries.

64.    Eastern is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

## COUNT III: NEGLIGENCE OF DEFENDANT STEVEN KUYKENDALL

65.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

66.    At all relevant times, Kuykendall owed the following civil duties to Plaintiff but violated those duties in the following ways:

    a.    Following too closely behind Plaintiff's vehicle.

    b.    Failing to keep a proper lookout for traffic;

    c.    Failing to make reasonable and proper observations while driving;

    d.    Failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

    e.    Failing to keep an assured safe distance from Plaintiff's vehicle;

    f.    Failing to obey traffic laws;

    g.    Operating a cellular mobile device while driving; and

    h.    Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

67.    Defendant was also negligent *per se* in that he violated a number of laws and regulations governing his operation of a vehicle, including:

    a.    Following too Closely (O.C.G.A. § 40-6-49)

    b.    Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

c.    Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1); and

d.    Reckless Driving (O.C.G.A. § 40-6-390).

68.    As a result of Kuykendall's negligence, Plaintiff suffered severe and permanent injuries.

69.    As a direct and proximate result of the negligence and negligence *per se* of Kuykendall, Plaintiff has incurred and are entitled to recover special damages, including, but not limited to, past and future medical expenses and past and future lost income, and other miscellaneous expenses, in an amount that will be proved at trial. Plaintiff is also entitled to recover for his general damages, including past and future pain and suffering and related damages.

## COUNT IV: COMBINED AND CONCURRING NEGLIGENCE

70.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

71.    Each of the Defendants acted in a manner which either alone, and/or combined and concurring with the actions of the other Defendants' acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries.

72.    As a direct and proximate result of the negligence of the Defendants, Plaintiff was physically injured, have suffered, and will continue to suffer pain, disability, loss of earning capacity, loss of enjoyment of life, anxiety, and related damages.

73.    As a direct and proximate result of their combined negligence, Defendants are therefore liable to Plaintiff for his special damages, including but not limited to, medical expenses and lost wages, past, present, and future, in an amount to be determined by the evidence at the trial of this case.

## COUNT V: STUBBORN LITIGIOUSNESS

74.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

75.    Defendants have acted in bad faith, have been stubbornly litigious, and/or have caused Plaintiff's unnecessary trouble and expense by forcing Plaintiff to bring this cause of action and to incur legal fees and expenses for legal services.

76.    Plaintiff is entitled to recover attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 and other Georgia statutes.

<u>**COUNT VI: PUNITIVE DAMAGES**</u>

77.    Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

78.    Defendants' acts were willful, wanton, and/or demonstrated that entire want of care, which raises the presumption of a conscious indifference to consequences.

79.    Accordingly, Defendants are liable to the Plaintiff for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a)    A trial by jury;

b)    For Summons and Complaint to issue against each Defendant;

c)    For judgment against each Defendant to compensate Plaintiff for past and future injuries and damages;

d)    For judgment against each Defendant for attorneys' fees and expenses of litigation;

e)    For judgment against each Defendant for punitive damages as shown to be fair and appropriate at the trial of this case;

f)    Court costs, discretionary costs, and prejudgment interest; and

g)      For all such further and general relief which this Court deems just and proper.

Dated this 2nd of September, 2025.

                             **WLG ATLANTA, LLC**

                             **_/s/ Robert Teilhet_**_____
                             Robert B. Teilhet
                             Georgia State Bar Number: 701579
                             Attorney for Plaintiff

Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308
Phone: 678-619-6730
Fax: 678-619-6730
E-mail: Robert.teilhet@witheritelaw.com

## Case Information

24EV007622 | Antwan Glenn VS. Steven Kuykendall,Eastern Express, Inc., et al.

| Case Number | Court | Judicial Officer |
|---|---|---|
| 24EV007622 | State Court | Morrison, Jane |
| File Date | Case Type | Case Status |
| 08/23/2024 | AUTOMOBILE TORT | Closed - Transfer or Removal |

## Party

**Plaintiff**
Glenn, Antwan

**Address**
6157 Red Top Loop
Fairburn GA 30213

Active Attorneys ▾

Attorney
Loar, Rob
Retained

Attorney
HOOPER, KELLI BYERS
Retained

Lead Attorney
Teilhet, Robert
Retained

**Defendant**
Kuykendall, Steven

**Address**
262 Toccopola Junction Road
Thaxton GA 38871

Active Attorneys ▾

Attorney
Bankston, Kristi
Retained

Lead Attorney
Floyd, William Daniel
Retained

EXHIBIT A

Defendant
Eastern Express, Inc.

Address
c/o J. Patrick O???Brien
2 Sun Court, Suite 400
Peachtree Corners GA 30092

Active Attorneys ▾
Attorney
Bankston, Kristi
Retained

Lead Attorney
Floyd, William Daniel
Retained

Defendant
Old Republic Insurance Co.

Address
c/o The Prentice-Hall Corporation System, 2 Sun Court
Suite 400
Peachtree Corners GA 30092

Active Attorneys ▾
Attorney
Bankston, Kristi
Retained

Lead Attorney
Floyd, William Daniel
Retained

## Events and Hearings

08/23/2024 Case Initiation Form ▾

20240823 GLENN ANTWAN CASE INITIATION FORM.pdf

Comment
20240823 GLENN ANTWAN CASE INITIATION FORM

08/23/2024 Summons ▾

20240823 GLENN ANTWAN SUMMONS FOR DEF KUYKENDALL.pdf

Comment
20240823 GLENN ANTWAN SUMMONS FOR DEF KUYKENDALL

EXHIBIT A

08/23/2024 Summons ▾

20240823 GLENN ANTWAN SUMMONS FOR DEF OLD REPUBLIC.pdf

Comment
20240823 GLENN ANTWAN SUMMONS FOR DEF OLD REPUBLIC

08/23/2024 Summons ▾

20240823 GLENN ANTWAN SUMMONS FOR DEF EASTERN.pdf

Comment
20240823 GLENN ANTWAN SUMMONS FOR DEF EASTERN

08/23/2024 Discovery ▾

20240823 GLENN ANTWAN PLT RFA ROG RFP TO DEF KUYKENDALL.pdf

Comment
20240823 GLENN ANTWAN PLT RFA ROG RFP TO DEF KUYKENDALL

08/23/2024 Discovery ▾

20240823 GLENN ANTWAN PLT RFA ROG RFP TO DEF EASTERN.pdf

Comment
20240823 GLENN ANTWAN PLT RFA ROG RFP TO DEF EASTERN

08/23/2024 Discovery ▾

20240823 GLENN ANTWAN RFA RFP TO DEF OLD REPUBLIC.pdf

Comment
20240823 GLENN ANTWAN RFA RFP TO DEF OLD REPUBLIC

08/23/2024 TRANSCRIPT ▾

20240823 GLENN ANTWAN DEPO NTC OF DEF KUYKENDALL1.13.2025.pdf

Comment
20240823 GLENN ANTWAN DEPO NTC OF DEF KUYKENDALL1.13.2025

08/23/2024 TRANSCRIPT ▾

20240823 GLENN ANTWAN DEPO NTC OF CORP REP EASTERN EXPRESS 1.13.2025.pdf

Comment
20240823 GLENN ANTWAN DEPO NTC OF CORP REP EASTERN EXPRESS 1.13.2025

08/23/2024 COMPLAINT ▾

EXHIBIT A

20240823 GLENN ANTWAN COMPLAINT.pdf

Comment
20240823 GLENN ANTWAN COMPLAINT

08/23/2024 New Filing ▾

Comment
Conversion

09/17/2024 SERVICE ▾

20240917 GLENN ANTWAN AFF OF SVC- DEF OLD REPUBLIC.pdf

Comment
AFFIDAVIT OF SERVICE TO OLD REPUBLIC INS CO

09/19/2024 SERVICE ▾

20240919 GLENN ANTWAN AFF OF SVC EASTERN EXPRESS.pdf

Comment
AFFIDAVIT OF SERVICE TO EASTERN EXPRESS

10/17/2024 NOTICE ▾

2024.10.17 - Defendants' Notice of Filing Notice of Removal of Civil Action (Antwan Glenn).pdf

Comment
DEFENDANTS NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION

12/11/2024 NOTICE ▾

Defendants Notice of Intent to Issue Subpoenas of Non-Parties.pdf

Comment
Defendants Notice of Intent to Issue Subpoenas for Non Parties

03/11/2025 AMENDMENT ▾

20250311 GLENN ANTWAN L TO OC W DEPO NOTICE OF DEF DRIVER KUYKENDALL.pdf

Comment
PLAINTIFF'S AMENDED NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF STEVEN KUYKENDALL BY REMOTE ELECTRONIC MEANS AND REQUEST FOR PRODUCTION

05/16/2025 LEAVE OF ABSENCE ▾

20250516 NTC OF LOA FOR ODYSSEY CASES- RBT.pdf

Comment
Leave of Absence

06/23/2025 LEAVE OF ABSENCE ▾

EXHIBIT A

20250623 NTC OF LOA FOR ODYSSEY CASES- RBT.pdf

Comment
NTC OF LOA FOR ODYSSEY CASES- RBT

---

07/08/2025 AMENDMENT ▾

20250708 GLENN ANTWAN L TO OC W DEPO NOTICE OF CORP REP EASTERN EXPRESS INC.
7.28.25.pdf

Comment
PLAINTIFF'S AMENDED NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION
OF CORPORATE REPRESENTATIVE FOR EASTERN EXPRESS, INC. BY REMOTE ELECTRONIC
MEANS AND REQUEST FOR PRODUCTION

## Financial

Glenn, Antwan

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $230.00 |
| | Total Payments and Credits | | | $230.00 |
| 8/30/2024 | Transaction Assessment | | | $230.00 |
| 8/30/2024 | E-File | Receipt # TCJT-560004 | Glenn, Antwan | ($230.00) |

## Documents

20240823 GLENN ANTWAN CASE INITIATION FORM.pdf
20240823 GLENN ANTWAN SUMMONS FOR DEF KUYKENDALL.pdf
20240823 GLENN ANTWAN SUMMONS FOR DEF OLD REPUBLIC.pdf
20240823 GLENN ANTWAN SUMMONS FOR DEF EASTERN.pdf
20240823 GLENN ANTWAN PLT RFA ROG RFP TO DEF KUYKENDALL.pdf
20240823 GLENN ANTWAN PLT RFA ROG RFP TO DEF EASTERN.pdf

EXHIBIT A

20240823 GLENN ANTWAN RFA RFP TO DEF OLD REPUBLIC.pdf

20240823 GLENN ANTWAN DEPO NTC TO DEF KUYKENDALL1.13.2025.pdf

20240823 GLENN ANTWAN DEPO NTC OF CORP REP EASTERN EXPRESS 1.13.2025.pdf

20240823 GLENN ANTWAN COMPLAINT.pdf

20240917 GLENN ANTWAN AFF OF SVC- DEF OLD REPUBLIC.pdf

20240919 GLENN ANTWAN AFF OF SVC EASTERN EXPRESS.pdf

2024.10.17 - Defendants' Notice of Filing Notice of Removal of Civil Action (Antwan Glenn).pdf

Defendants Notice of Intent to Issue Subpoenas of Non-Parties.pdf

20250311 GLENN ANTWAN L TO OC W DEPO NOTICE OF DEF DRIVER KUYKENDALL.pdf

20250516 NTC OF LOA FOR ODYSSEY CASES- RBT.pdf

20250623 NTC OF LOA FOR ODYSSEY CASES- RBT.pdf

20250708 GLENN ANTWAN L TO OC W DEPO NOTICE OF CORP REP EASTERN EXPRESS INC. 7.28.25.pdf

EXHIBIT A

**1:24-cv-04724-JPB** Glenn v. Eastern Express, Inc. et al
J. P. Boulee, presiding
**Date filed:** 10/17/2024
**Date terminated:** 08/15/2025
**Date of last filing:** 08/18/2025

# Related Transactions

*Note: Each selected transaction in this case is shown below in a box with any other transactions to which it is related.*

| Doc. No. | Event Name | Event Filed | Event Terminated |
|---|---|---|---|
| 1 | 🌐 **Notice of Removal** | 10/17/2024 | |
| 3 | Answer to Complaint (Notice of Removal) | 10/24/2024 | |
| 4 | Answer to Complaint (Notice of Removal) | 10/24/2024 | |
| 5 | Answer to Complaint (Notice of Removal) | 10/24/2024 | |

| | | | |
|---|---|---|---|
| 2 | 🌐 **Order** | 10/18/2024 | |

| | | | |
|---|---|---|---|
| 3 | 🌐 **Answer to Complaint (Notice of Removal)** | 10/24/2024 | |
| 1 | Notice of Removal | 10/17/2024 | |

| | | | |
|---|---|---|---|
| 4 | 🌐 **Answer to Complaint (Notice of Removal)** | 10/24/2024 | |
| 1 | Notice of Removal | 10/17/2024 | |

| | | | |
|---|---|---|---|
| 5 | 🌐 **Answer to Complaint (Notice of Removal)** | 10/24/2024 | |
| 1 | Notice of Removal | 10/17/2024 | |

| | | | |
|---|---|---|---|
| 6 | 🌐 **Return of Service Executed** | 10/30/2024 | |

| | | | |
|---|---|---|---|
| 7 | 🌐 **Certificate of Interested Persons/Corporate Disclosure Statement** | 10/31/2024 | |
| | Clerks Notation for LOA/CIP | 11/06/2024 | |

| | | | |
|---|---|---|---|
| | 🌐 **Clerks Notation for LOA/CIP** | 11/06/2024 | |
| 7 | Certificate of Interested Persons/Corporate Disclosure Statement | 10/31/2024 | |

| | | | |
|---|---|---|---|
| 8 | 🌐 **Initial Disclosures** | 11/14/2024 | |

| | | | |
|---|---|---|---|
| 9 | 🌐 **Joint Preliminary Report and Discovery Plan** | 11/20/2024 | |

EXHIBIT B

| 12 | Scheduling Order | 11/22/2024 |

| 10 | 🌐 **Initial Disclosures** | 11/21/2024 |

| 11 | 🌐 **Certificate of Interested Persons/Corporate Disclosure Statement** | 11/21/2024 |
| | Clerks Notation for LOA/CIP | 11/26/2024 |

| 12 | 🌐 **Scheduling Order** | 11/22/2024 |
| 9 | Joint Preliminary Report and Discovery Plan | 11/20/2024 |

| 13 | 🌐 **Certificate of Service** | 11/22/2024 |

| | 🌐 **Clerks Notation for LOA/CIP** | 11/26/2024 |
| 11 | Certificate of Interested Persons/Corporate Disclosure Statement | 11/21/2024 |

| 14 | 🌐 **Notice (Other)** | 12/11/2024 |

| 15 | 🌐 **Leave of Absence** | 12/20/2024 |

| 16 | 🌐 **Certificate of Service** | 03/03/2025 |

| 17 | 🌐 **Notice to Take Deposition** | 03/11/2025 |

| 18 | 🌐 **Notice to Take Deposition** | 03/11/2025 |

| 19 | 🌐 **Notice to Take Deposition** | 03/11/2025 |

| 20 | 🌐 **Leave of Absence** | 05/08/2025 |

| 21 | 🌐 **Initial Disclosures** | 06/06/2025 |

| 22 | 🌐 **Notice to Take Deposition** | 07/14/2025 |

| 23 | 🌐 **Notice to Take Deposition** | 07/28/2025 |
| | Notification of Docket Correction | 07/29/2025 |

| | 🌐 **Notification of Docket Correction** | 07/29/2025 |
| 23 | Notice to Take Deposition | 07/28/2025 |

EXHIBIT B

| 24 | ● **Order** | 08/06/2025 |
|---|---|---|
| | Submission to District Judge | 08/14/2025 |

| 24 | ● **Set Submission Deadline** | 08/06/2025 |
|---|---|---|

| | ● **Submission to District Judge** | 08/14/2025 |
|---|---|---|
| 24 | Order | 08/06/2025 |

| 25 | ● **Proposed Pretrial Order** | 08/14/2025 |
|---|---|---|

| | ● **Terminate Case** | 08/15/2025 |
|---|---|---|

| 26 | ● **Stipulation of Dismissal** | 08/15/2025 |
|---|---|---|
| | Clerks Entry of Dismissal | 08/18/2025 |

| | ● **Clerks Entry of Dismissal** | 08/18/2025 |
|---|---|---|
| 26 | Stipulation of Dismissal | 08/15/2025 |

Docket Report ...

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/26/2025 15:59:05 | | | |
| **PACER Login:** | rteilhet | **Client Code:** | |
| **Description:** | Related Transactions | **Search Criteria:** | 1:24-cv-04724-JPB |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

EXHIBIT B

State Court of Fulton County
**E-FILED**
25EV009249
9/2/2025 11:15 AM
Donald Talley, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ANTWAN GLENN; | \| | |
| | \| | |
| Plaintiff, | \| | CIVIL ACTION FILE |
| | \| | |
| v. | \| | NO. _____ |
| | \| | |
| EASTERN EXPRESS, INC.; | \| | |
| STEVEN KUYKENDALL; and | \| | |
| OLD REPUBLIC INSURANCE CO.; | \| | |
| | \| | |
| Defendants. | \| | |

---

### PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, AND FIRST REQUEST FOR ADMISSIONS TO DEFENDANT STEVEN KUYKENDALL

COMES NOW, Antwan Glenn ("Plaintiff"), by and through his counsel of record and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34, and 9-11-36, hereby propounds the following Interrogatories, Requests for Production of Documents, and Requests for Admission to Defendant Steven Kuykendall for response under oath pursuant to Rule 33, Rule 34, and Rule 36 of the Georgia Civil Practice Act and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.    The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes,

memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.      (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**Identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

        (b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**Identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such

document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.      "**Subject Collision**" means the collision described in the Complaint.

5.      "**You**", "**Your**", or "**Kuykendall**" means Defendant Driver **Steven Kuykendall**

6.      "**Company**" means Defendant **Eastern Express, Inc.**

7.      "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8.      The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

9.      Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## INTERROGATORIES

### YOUR BACKGROUND INFORMATION

**INTERROGATORY NO. 1.**     State your full name, address, date and place of birth, and social security number. If you have ever been known by any name(s) other than the one you identify, please state each such name and for each such name explain when you were known by that name, whether you had a separate social security number and/or drivers' license in that name, and explain why you changed names or went by more than one name.

**INTERROGATORY NO. 2.**     For each driver's license you have had in the past seven (7) years, identify the state of issue, the date of issue, the number and whether or not it was a commercial drivers' license.

**INTERROGATORY NO. 3.**     Identify each address where you have lived in the past ten (10) years and provide the dates when you lived at each address.

**INTERROGATORY NO. 4.**     For each place you have worked (as an employee, independent contractor, leased driver, or otherwise) in the past fifteen (15) years, provide the following information: name of entity or person, for whom you worked; address; dates you worked there; job position; supervisor's name; and the reason you left.

**INTERROGATORY NO. 5.**     Identify each person you expect to call as an expert witness at trial including in your response a summary of each opinion the expert holds with regard to this case, the factual basis for each such opinion, a list of all documents and evidence of any kind provided to the expert for review and a list of all documents and evidence of any kind that support each opinion.

**INTERROGATORY NO. 6.**     Identify all motor vehicle collisions that you have been involved in during the past fifteen (15) years and for each collision, describe what happened; where the

collision occurred; the names of the other individuals involved; who was at fault; and whether there were any injuries.

**INTERROGATORY NO. 7.**    If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten (10) years or if you have ever been convicted at any time of a felony, for each arrest/charge/warning/citation/conviction, identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

**INTERROGATORY NO. 8.**    If you have ever been disqualified from driving a motor vehicle, please describe when and under what circumstances you were disqualified.

**INTERROGATORY NO. 9.**    Have you had any medical condition in the past five (5) years that could affect your ability to operate a motor vehicle (including without limitation any condition affecting vision, hearing, high or low blood pressure, epilepsy, sleep issues, diabetes, nervous system issues, endocrine system issues, motor skill issues, issues with sensory abilities, sleep apnea, etc.)?  If so, describe in detail each condition, who has treated you for the condition, and the nature and dates of these treatments.

**INTERROGATORY NO. 10.**    Have you ever been involved in any lawsuit other than the present one (excluding domestic cases)? If so, explain whether you were a Plaintiff, Defendant, or witness and identify the style, jurisdiction, date, and nature of the lawsuit.

**INTERROGATORY NO. 11.**    Identify all training you have received in connection with operating a commercial motor vehicle, including courses taken to obtain your driver's license and training received since obtaining your driver's license.

**INSURANCE**

**INTERROGATORY NO. 12.**    For each liability insurance policy of any kind that does or may

provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case and/or that is providing you a defense, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

### SUBJECT COLLISION

**INTERROGATORY NO. 13.** Have you communicated with any person (other than your attorneys) in any way regarding the Subject Collision at any time including but not limited to giving any prepared statement or account of the events? If so, provide the details of any such communications, statements and accounts by explaining when, where, in what form, to whom the statement or account was given and the substance of your communication, statement, or account.

**INTERROGATORY NO. 14.** Identify all person(s) who you to your knowledge have or may have any personal knowledge or information regarding: the Subject Collision; the facts leading up to the Subject Collision; the investigation of the Subject Collision; any party to this action; any vehicles involved in the Subject Collision or; and/or any other incidents, claims, or defenses raised in this action. The purpose of this interrogatory is to identify all witnesses you believe may have relevant testimony of any kind in connection with this case.

**INTERROGATORY NO. 15.** If you maintain that Plaintiff or anyone else not a party to this lawsuit has any responsibility of any kind for causing the Subject Collision, and/or for causing any of the damages alleged in the Complaint, describe in detail the basis for his responsibility and identify all person(s) who have any knowledge regarding this issue.

**INTERROGATORY NO. 16.** If you consumed any alcoholic beverage, sedative, tranquilizer, stimulant, and/or other prescription and/or over-the-counter drug or medicine (whether legal or

not) during the seventy-two (72) hour period <u>immediately before</u> the Subject Collision, identify the substance consumed, the amount consumed, the time and place of consumption and the purpose for the consumption.

### MISCELLANEOUS

**INTERROGATORY NO. 17.**   Provide your mobile phone carrier(s) and mobile phone number(s) existing at the time of the Subject Collision, and with respect to all of the phone calls you made on your cell phone on the date of the Subject Collision, please state: the time each call was placed; the time each call ended; the person or persons with whom you spoke on each call; the phone number of the person or persons with whom you spoke with on each call; the purpose for each call; and whether you were operating the tractor-trailer involved in the Subject Collision at any time during each call.

**INTERROGATORY NO. 18.**   With respect to the deliveries/trips that you were scheduled to make on the day of the Subject Collision, please identify: the name and address of the delivery/trip location(s); what was to be delivered; and the time the load was to be delivered or the trip was to be completed.

**INTERROGATORY NO. 19.**   Explain in detail where you were and what you were doing during the seventy-two (72) hours <u>immediately prior to</u> and the forty-eight (48) hours <u>immediately following</u> the Subject Collision. This response should include the time and location of each pick up, delivery and stop and the reason for each stop (e.g., load, unload, fuel, rest, meal, inspection, repair, other) as well as what you were doing when off duty. Identify all documents that evidence your response and all people who can substantiate your response.

**INTERROGATORY NO. 20.**   For the seventy-two (72) hours leading up to the Subject Collision, provide the amount of your driving hours, on-duty non-driving hours, locations during

your on-duty non-driving hours, all stops you made and the reasons therefor, when and where your meals were eaten, when and where you slept and when you ingested any medications (prescription or over the counter) and the dosages.

**INTERROGATORY NO. 21.**   For each of Plaintiff's First Requests for Admission addressed to you that you did not admit without qualification, explain in detail the reason for your refusal to admit and identify all persons and documents that support your response.

## DOCUMENT REQUESTS

### GENERAL

**REQUEST NO. 1:**    All documents utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Kuykendall.

**REQUEST NO. 2:**    Each liability insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Collision and/or if coverage was in dispute that was in place at the time of the Subject Collision.

**REQUEST NO. 3:**    A copy of each automobile insurance policy that you had in place at the time of the Subject Collision, which provided liability coverage for the operation of the tractor-trailer that was involved in the Subject Collision.

**REQUEST NO. 4:**    All documents that you have exchanged with any insurance company evidencing the subject collision.

**REQUEST NO. 5:**    All documents that you have exchanged with any insurance company evidencing a lack of coverage for the Subject Collision.

**REQUEST NO. 6:**    All reservation of rights letters and/or agreements regarding insurance coverage for the claims asserted against you arising from the Subject Collision.

**REQUEST NO. 7:**    All documents directly or indirectly provided to and received from any insurance company regarding your driving history, criminal history, claims history, training, and qualification to drive and/or your insurability for motor vehicle operations.

**REQUEST NO. 8:**    All documents and driver training resources provided or made available to you directly or indirectly by any insurance company.

**REQUEST NO. 9:**    Produce all documents and records you obtain by requests for production on non-parties and/or subpoena in this case.

**DEFENDANT EASTERN EXPRESS, INC.**

**REQUEST NO. 10:**   All documents setting forth the relationship between you and Defendant Eastern Express, Inc. This includes, but is not limited to, all leases, employment contracts, and independent contract agreements and other contracts, agreements, memorandum and the like.

**REQUEST NO. 11:**   All payroll records from any source during the sixty (60) days before and after the Subject Collision.

**REQUEST NO. 12:**   All documents in your possession that relate to your qualification to operate a commercial motor vehicle.

**REQUEST NO. 13:**   All documents that relate in any way to your training to operate a commercial motor vehicle.

**REQUEST NO. 14:**   A copy of the front and back of every driver's license issued to you (regardless of name used) in your possession, custody, and/or control.

**REQUEST NO. 15:**   Copies of all citations, warnings, and other documents alleging that you violated any law, ordinance, and/or regulation in the last five (5) years.

**REQUEST NO. 16:**   All documents of any kind that relate to any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of Eastern Express, Inc. directed to you for the purpose of teaching, counseling, disciplining, correcting, or otherwise managing you in any way relating to the safe operation of a commercial vehicle.

**REQUEST NO. 17:**   All documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five (5) years.

**REQUEST NO. 18:**   All documents relating to any complaint, criticism, or concern raised by any person or entity regarding your driving performance and/or safety. This should include, but is not

limited to, customer complaints and call-ins by motorists either to a company directly or to any service (i.e., How's My Driving?  Call 800…).

**REQUEST NO. 19:**  For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the tractor-trailer that you were operating at the time of the Subject Collision, produce all documents reflecting usage and billing for the time-period time period beginning twenty-four (24) hours before the Subject Collision and ending twenty-four (24) hours after the Subject Collision. This includes all devices, whether owned by you or not, and whether they were in use at the time of the Subject Collision or not.

**REQUEST NO. 20:**  All of your personnel files and employment-related files in your possession.

**REQUEST NO. 21:**  All correspondence and other communication of any kind between you and any third party (other than your attorneys) evidencing to the Subject Collision.

<u>**SUBJECT COLLISION**</u>

**REQUEST NO. 22:**  All documents in your possession, custody, and/or control relating in any way to the Subject Collision.

**REQUEST NO. 23:**  All documents sent by you to any person or entity (other than your attorneys), regarding the Subject Collision and/or describing the Subject Collision.

**REQUEST NO. 24:**  All documents evidencing each investigation done by or on behalf of Defendants evidencing to the Subject Collision of the Subject Collision.

**REQUEST NO. 25:**  All documents that set forth any facts leading up to the Subject Collision.

**REQUEST NO. 26:**  All documents that explain what caused the Subject Collision.

**REQUEST NO. 27:**  All documents assessing preventability of and/or fault for the Subject Collision, as well as any documents created by any accident review board or other accident review process.

**REQUEST NO. 28:**  All photographs, video, computer simulations, and any other documents depicting:

  a.  Any vehicle involved in the Subject Collision;

  b.  Any person involved in the Subject Collision;

  c.  The scene of the Subject Collision; and/or

  d.  Any evidence (roadway markings or other) relevant to the Subject Collision.

**REQUEST NO. 29:**  All reports relating to the Subject Collision in your possession, custody, and/or control.

**REQUEST NO. 30:**  All correspondence and other communications (including e-mail) that you have had with any person other than your lawyers involving the Subject Collision.

**REQUEST NO. 31:**  All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party, or any other entity whatsoever regarding any aspect of the Subject Collision, the injuries or damages resulting therefrom, or this lawsuit.

### GOVERNMENTAL CONTACT AND INTERVENTION

**REQUEST NO. 32:**  Copies of all documents sent to or received from any governmental agency regarding the Subject Collision and/or your operation of a commercial motor vehicle within the past three (3) years.

### POLICIES AND PROCEDURES

**REQUEST NO. 33:**  All handbooks and manuals provided to you by Eastern Express, Inc. that were in effect at the time of the Subject Collision.

**REQUEST NO. 34:**  All policies, procedures, rules, guidelines, directives, and instructions ever given to you by Eastern Express, Inc.

<u>**MISCELLANEOUS**</u>

**REQUEST NO. 35:**  All documents and other materials which support any contention that the Subject Collision was the fault of anyone other than the Defendants.

**REQUEST NO. 36:**  All diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**REQUEST NO. 37:**  All documents and things that you contend evidence, prove, and/or support your claims on any issue of negligence or causation as to the Subject Collision, including, but not limited to, admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**REQUEST NO. 38:**  If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video, and anything else generated through that investigation.

**REQUEST NO. 39:**  Produce all documents that you have obtained in this case through nonparty requests for production and/or subpoena, including, without limitation, copies of Plaintiff's medical records and employment records.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1.**    Kuykendall is a proper party to this lawsuit.

**REQUEST NO. 2.**    Kuykendall was properly named in this case.

**REQUEST NO. 3.**    Kuykendall was properly and sufficiently served with process in this civil action.

**REQUEST NO. 4.**    Venue is proper in this Court as to you.

**REQUEST NO. 5.**    Jurisdiction is proper in this Court as to Kuykendall.

**REQUEST NO. 6.**    You are not asserting the defense of insufficiency of service of process.

**REQUEST NO. 7.**    You are not asserting the defense of improper service of process.

**REQUEST NO. 8.**    You were an employee of Eastern Express, Inc. at the time of the Subject Collision.

**REQUEST NO. 9.**    You were an agent of Eastern Express, Inc. at the time of the Subject Collision.

**REQUEST NO. 10.**    You were acting within the scope of your employment with Eastern Express, Inc. at the time of the Subject Collision.

**REQUEST NO. 11.**    You were acting within the scope of your agency with Eastern Express, Inc. at the time of the Subject Collision.

**REQUEST NO. 12.**    You were the driver of the tractor-trailer that collided with Plaintiff's vehicle on or about 10/6/2023.

**REQUEST NO. 13.**    You were following too closely behind Plaintiff's vehicle at the time of the collision.

**REQUEST NO. 14**    At the time of the Subject Collision, you failed to keep and maintain a proper look out for traffic.

**REQUEST NO. 15**    You were not paying attention to traffic like you should have been.

**REQUEST NO. 16**    At the time of the Subject Collision, you did not see Plaintiff's vehicle prior to the collision.

**REQUEST NO. 17**    You gave a recorded statement to one (1) or more insurance companies that provided liability coverage for the tractor-trailer that you were driving at the time of the Subject Collision.

**REQUEST NO. 18**    You had a mobile cellular device present inside your vehicle at the time of the Subject Collision.

**REQUEST NO. 19**    You had more than one (1) mobile cellular device was present inside your tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 20**    You were using at least one (1) mobile cellular device in your tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 21**    You were using more than one (1) mobile cellular device inside your tractor-trailer at the time of the Subject Collision.

**REQUEST NO. 22**    You were using a mobile cellular device at the moment of impact with your vehicle.

**REQUEST NO. 23**    While at the scene of the collision, you conversed with at least one (1) person about what happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 24**    While at the scene of the collision, you texted at least one (1) person about what had happened before, during, and/or after the Subject Collision using a mobile cellular device.

**REQUEST NO. 25**   While at the scene of the collision, you had a cellular mobile device or a camera that you could have used to take pictures of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 26**   While at the scene of the collision, you took at least one (1) photograph of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 27**   While at the scene of the collision, you took video recording(s) using a mobile cellular device of the scene of the Subject Collision, the vehicles involved, and/or the persons involved.

**REQUEST NO. 28**   While at the scene of the collision, you took audio recording(s) of the scene of the Subject Collision, the vehicles involved, and/or the persons involved using a mobile cellular device.

**REQUEST NO. 29**   No improper act of the Plaintiff caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 30**   No failure to act by Plaintiff caused or contributed to the cause of Subject Collision.

**REQUEST NO. 31**   No improper act or failure to act on the part of any third party to this action caused or contributed to the cause of the Subject Collision.

**REQUEST NO. 32**   Your negligent acts and/or omissions were the sole cause of the Subject Collision.

**REQUEST NO. 33**   Your negligent acts and/or omissions were a contributing cause of the Subject Collision.

**REQUEST NO. 34**   No visual obstructions existed leading up to the Subject Collision that would have prevented you from seeing Plaintiff's vehicle in the five hundred (500) feet prior to the Subject Collision.

**REQUEST NO. 35**   No visual obstructions existed leading up to the Subject Collision that would have prevented you from seeing non-party claimant Plaintiff's vehicle in the seven hundred fifty (750) feet prior to the Subject Collision.

**REQUEST NO. 36**   No visual obstructions existed leading up to the Subject Collision that would have prevented you from seeing non-party claimant Plaintiff's vehicle in the one thousand (1000) feet prior to the Subject Collision.

Dated this 2nd day of September, 2025.

**WLG ATLANTA, LLC**

*/s/ Robert Teilhet*
Robert B. Teilhet
Georgia State Bar Number: 701579
Attorney for Plaintiff

Bank of America Plaza
600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308
Phone: 678-916-6730
Fax:    678-916-6730
E-mail: Robert.Teilhet@witheritelaw.com

State Court of Fulton County
**E-FILED**
25EV009249
9/2/2025 11:15 AM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**ANTWAN GLENN**

      **Plaintiff,**

v.

**STEVEN KUYKENDALL;**
**EASTERN EXPRESS, INC.; and**
**OLD REPUBLIC INSURANCE CO.**

      **Defendants.**

**CIVIL ACTION FILE NO.**

_____

### PLAINTIFF'S NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF DEFENDANT STEVEN KUYKENDALL BY REMOTE ELECTRONIC MEANS AND REQUEST FOR PRODUCTION

TO:    Defendant Steven Kuykendall, 262 Toccopola Road, Thaxton, MS 38871

      Please take notice that Plaintiff will take the oral deposition of the deponent identified below by remote electronic means on the date and at the time and place specified in accordance with the Georgia Civil Practice Act:

      **Deponent:**    **Steven Kuykendall**

      **Date:**    **January 6, 2025**

      **Time:**    **10:00 AM EST**

      **Location:**    **VIA ZOOM**

      If the deponent or counsel are unavailable at the above date and time, Plaintiff's counsel will reschedule for a mutually available date and time if requested within 10 days of service of this notice.

The deposition will be reported before an officer authorized by law to take such depositions and may be videotaped. The oath will be administered to Steven Kuykendall by the court reporter via videoconferencing. Deponent, court reporter, and counsel may be at different locations. The deponent is requested to email the documents requested in Exhibit "A" attached hereto and incorporated herein by reference to  prior to the deposition. The oral examination will continue day-to-day until completed. You are invited to be present at such time and cross-examine the witness.

Served with the complaint.

Respectfully submitted,

**WLG ATLANTA, LLC**

***/s/ Robert B. Teilhet***
**ROBERT B. TEILHET**
Georgia State Bar No: 701579

Bank of America Plaza
600 West Peachtree St., NW
Suite 4010
Atlanta, Georgia 30308
Telephone: (470) 881-8804
Facsimile:  (470) 881-8819
robert.teilhet@witheritelaw.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served defendants with a copy of the

***PLAINTIFF'S NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF DEFENDANT STEVEN KUYKENDALL BY REMOTE ELECTRONIC MEANS AND REQUEST FOR PRODUCTION***, along with Plaintiff's

Original Complaint:

Steven Kuykendall
262 Toccopola Junction Road
Thaxton, MS 38863

**WLG ATLANTA, LLC**

*/s/ Robert B. Teilhet*
**ROBERT B. TEILHET**
Georgia State Bar No: 701579

Bank of America Plaza
600 West Peachtree St., NW
Suite 4010
Atlanta, Georgia 30308
Telephone: (470) 881-8804
Facsimile:  (470) 881-8819
robert.teilhet@witheritelaw.com

## EXHIBIT A

Documents to be produced by email to robert.teilhet@witheritelaw.com:

1.    Your driver's license.

2.    The cell phone records from the day of the collision for any cell phone you had in the vehicle at the time of the collision.

3.    Documents related to any citation you received for the collision in question.

4.    Documents, notes, or information of witnesses who are believed to have witnessed the collision in question.

State Court of Fulton County
**E-FILED**
25EV009249
12/26/2025 6:16 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**ANTWAN GLENN**,

     Plaintiff,

**v.**

**EASTERN EXPRESS, INC.;
STEVEN KUYKENDALL; and
OLD REPUBLIC INSURANCE
COMPANY**,

     Defendants.

**CIVIL ACTION NO.
25EV009249**

## DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION

COME NOW Defendants Eastern Express, Inc., Steven Kuykendall and Old Republic Insurance Company (hereinafter "Defendants") in the above-styled action, without submitting themselves to the jurisdiction or venue of this Court, and pursuant to 28 U.S.C. § 1446(d), file this Notice of Removal to Federal Court, with a copy of the Notice of Removal attached hereto as **Exhibit A**.  Pursuant to 28 U.S.C. § 1332, Defendants have removed this matter to the United States District Court for the Northern District of Georgia, Atlanta Division, on the basis of diversity jurisdiction, and have provided a copy of this filing to Plaintiff.  Pursuant to 28 U.S.C. § 1446(d), this Court is respectfully requested to proceed no further in this action unless and until such time as the action may be remanded by order of the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 26th  day of <u>December,</u> 2025.

**LEWIS BRISBOIS BISGAARD &
SMITH LLP**

<u>*/s/ Wm. Daniel Floyd*    </u>
WM. DANIEL FLOYD
Georgia Bar No.: 266490
HARYSON MILLER
Georgia Bar No.: 768142

*Counsel for Defendants*

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
404.348.8585 – Telephone
404.467-8845 – Facsimile
[Daniel.Floyd@lewisbrisbois.com](mailto:Daniel.Floyd@lewisbrisbois.com)
Haryson.Miller@lewisbrisbois.com

2

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the within and foregoing **DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION** with the Clerk of Court using the Odyssey eFileGA electronic file and serve system, which will automatically send email notification and a copy of such filing to the following attorneys of record:

Scott Kuperberg
600 Peachtree St NE
Suite 4010
Atlanta, GA 30308
Scott.kuperburg@witheritelaw.com

*Counsel for Plaintiff*

Respectfully submitted this 26th  day of December, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Daniel Floyd*
WM. DANIEL FLOYD
Georgia Bar No.: 266490
HARYSON MILLER
Georgia Bar No.: 768142

*Counsel for Defendants*

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
404.348.8585 – Telephone
404.467-8845 – Facsimile
Daniel.Floyd@lewisbrisbois.com
Haryson.Miller@lewisbrisbois.com

3

# EXHIBIT B

## Weatherly, Nyari

| | |
|---|---|
| **From:** | Garrison, Holly |
| **Sent:** | Tuesday, December 2, 2025 11:25 AM |
| **To:** | Weatherly, Nyari |
| **Subject:** | FW: 266.300    FW: Glenn, Antwan vs ORIC and Eastern Express d/b/a Kaplan Trucking; Case No.: 25EV009249 |
| **Attachments:** | 32790821_ANTWAN GLENN VS. EASTERN EXPRESS INC._SummonsComplaint.pdf |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

fyi

**From:** Michelle Bartunek <MichelleB@easternexpressinc.com>
**Sent:** Tuesday, December 2, 2025 11:07 AM
**To:** Floyd, Wm. Daniel <Daniel.Floyd@lewisbrisbois.com>; Miller, Haryson <Haryson.Miller@lewisbrisbois.com>; Morgan, Nan <Nan.Morgan@lewisbrisbois.com>; Garrison, Holly <Holly.Garrison@lewisbrisbois.com>; Gray, Todd <Todd.Gray@lewisbrisbois.com>; Sakr, Gaelle <Gaelle.Sakr@lewisbrisbois.com>; Roman, Paul <Paul.Roman@lewisbrisbois.com>
**Cc:** 'Michelle Bartunek' <michelleb@bessemermanagement.com>; 'Pirkle, Jillian' <Jillian.Pirkle@sedgwick.com>
**Subject:** 266.300 FW: Glenn, Antwan vs ORIC and Eastern Express d/b/a Kaplan Trucking; Case No.: 25EV009249

EXTERNAL

Dan and Haryson,

Service to Old Republic attached and driver rec'd service yesterday as well, in link.

https://www.dropbox.com/scl/fo/7auyg1xu4j0mdiyeraau3/AOKbzFo8mM4lCdEg29ICpuc?rlkey=8d0j7ugsyv1h29p6mqyrxnip0&st=nhdwvqot&dl=0

Regards,

Michelle Bartunek
Claims Manager
Eastern Express Inc.
8777 Rockside Rd., Cleveland OH 44125
216.341.2464

**From:** Claims Legal <claimslegal@orrm.com>
**Sent:** Monday, December 1, 2025 12:28 PM
**To:** Michelle Bartunek <MichelleB@KaplanTrucking.com>; Pirkle, Jillian <Jillian.Pirkle@sedgwick.com>
**Cc:** Kasdorf, Paul <pkasdorf@orrm.com>; Robison, Brandon <brobison@orrm.com>; ORClaims <ORClaims@orrm.com>
**Subject:** Glenn, Antwan vs ORIC and Eastern Express d/b/a Kaplan Trucking; Case No.: 25EV009249
**Importance:** High

BI -Claim Number:  C368101796-0002-01 (looking for PIP Benefits)
Insured: Eastern Express d/b/a Kaplan Trucking
Claimant:  GLENN, ANTWAN
Loss Date:  10/06/2023


Hello,
The attached is a summons and Complaint served on ORIC on November 26, 2025.
The answer is due 30 days from the date of service.

Please review the attached and assign defense counsel to file an appearance and answer on behalf of ORIC.
Please acknowledge receipt and assignment of defense counsel to Paul Kasddorf, the claim specialist
assigned to this account, who is cc'd on this e-mail.

Thank you,
Debbie Ward

---

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

---

# EXHIBIT C

State Court of Fulton County
**E-FILED**
25EV009249
12/26/2025 6:16 PM
Donald Talley, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**ANTWAN GLENN**,

     Plaintiff,

**v.**

**EASTERN EXPRESS, INC.;**
**STEVEN KUYKENDALL; and**
**OLD REPUBLIC INSURANCE**
**COMPANY**,

     Defendants.

**CIVIL ACTION NO.**
**25EV009249**

## <u>DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL OF</u>
## <u>CIVIL ACTION</u>

COME NOW Defendants Eastern Express, Inc., Steven Kuykendall and Old

Republic Insurance Company (hereinafter "Defendants") in the above-styled action,

without submitting themselves to the jurisdiction or venue of this Court, and

pursuant to 28 U.S.C. § 1446(d), file this Notice of Removal to Federal Court, with a

copy of the Notice of Removal attached hereto as **Exhibit A**.  Pursuant to 28 U.S.C.

§ 1332, Defendants have removed this matter to the United States District Court for

the Northern District of Georgia, Atlanta Division, on the basis of diversity

jurisdiction, and have provided a copy of this filing to Plaintiff.  Pursuant to 28 U.S.C.

§ 1446(d), this Court is respectfully requested to proceed no further in this action

unless and until such time as the action may be remanded by order of the United

States District Court for the Northern District of Georgia, Atlanta Division.

168229560.1

Respectfully submitted this 26th day of <u>December,</u> 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

<u>*/s/ Wm. Daniel Floyd*</u>
WM. DANIEL FLOYD
Georgia Bar No.: 266490
HARYSON MILLER
Georgia Bar No.: 768142

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
404.348.8585 – Telephone
404.467-8845 – Facsimile
Daniel.Floyd@lewisbrisbois.com
Haryson.Miller@lewisbrisbois.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed the within and foregoing **DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION** with the Clerk of Court using the Odyssey eFileGA electronic file and serve system, which will automatically send email notification and a copy of such filing to the following attorneys of record:

Scott Kuperberg
600 Peachtree St NE
Suite 4010
Atlanta, GA 30308
<u>Scott.kuperburg@witheritelaw.com</u>

*Counsel for Plaintiff*

Respectfully submitted this 26<u>th</u>  day of <u>December,</u> 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Daniel Floyd*
WM. DANIEL FLOYD
Georgia Bar No.: 266490
HARYSON MILLER
Georgia Bar No.: 768142

*Counsel for Defendants*

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
404.348.8585 – Telephone
404.467-8845 – Facsimile
<u>Daniel.Floyd@lewisbrisbois.com</u>
<u>Haryson.Miller@lewisbrisbois.com</u>

3

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ANTWAN GLENN,

    Plaintiff,

v.

EASTERN EXPRESS, INC;
STEVEN KUYKENDALL; and
OLD REPUBLIC INSURANCE
COMPANY,

    Defendants.

CIVIL ACTION NO.:

_____

Removed from the State Court of
Fulton County, Georgia;
Case No.: 25EV009249

## AFFIDAVIT

STATE OF GEORGIA:

COUNTY OF FULTON :

    Personally appeared before me the undersigned officer duly authorized to administer oaths, WM. DANIEL FLOYD, who after being duly sworn, states the following:

1.

    I am more than 18 years of age and competent to give this Affidavit. I have personal knowledge of the facts stated herein and know them to be true.

2.

This Affidavit is incorporated by reference into the Defendants Old Republic Insurance Co., The Kaplan Trucking Company, and David Reeves.(collectively referred to hereinafter as the "Defendants") Notice of Removal of the civil action in Fulton County State Court, in the State of Georgia, styled as: *Antwan Glenn v. Eastern Express, Inc.; Steven Kuykendall; and Old Republic Insurance Company, Civil Action File No. 25EV009249*(the "State Court Action") to the United States District Court for the Northern District of Georgia, Atlanta Division.

3.

I am counsel of record for Defendants in the State Court Action. I have personal knowledge regarding (1) the amount in controversy and previous monetary demands made by Plaintiff in this case and (2) each of the Defendants' consent to the removal of this action.

4.

Based upon the pleadings, other papers related to the case, and Plaintiff's prior written and stated demands, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. This necessarily includes Plaintiff's

assertions that she is seeking compensatory damages, including (a) "current medical expenses over $187,876.18, (b) future medical expenses, (c) "lost wages" and (d) punitive damages. (*See* Plaintiff's Complaint at ¶¶ 68, 72, and 74).

5.

Moreover, upon all available information and belief, Plaintiff and all Defendants are residents of different states supporting Diversity requirements for removal of this action.

6.

Each of the Defendants for whom I am counsel of record consents to the removal of this action.

SO SAYETH AFFIANT this 26th   day of December, 2025.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

WM. DANIEL FLOYD
Georgia Bar No.: 266490

*Counsel for Defendants*

Bank of America Plaza
600 Peachtree Street NE
Suite 4700
Atlanta, Georgia  30308
404.348.8585 – Telephone
404.467-8845 – Facsimile
Daniel.Floyd@lewisbrisbois.com

Sworn to and subscribed before me this
26th day of December, 2025.

Notary Republic

My commission expires:
1-23-29

